MARTIN DOOLY, plaintiff in error, vs. JAMES P. ISBELL, defendant in error.

Where on the trial of a claim case it appeared that the levy was made on the 4th of November, 1868, on a *fi. fa.* issued upon the 13th of November, 1861, and the claimant showed title from the defendant in *fi. fa.* and possession more than four years before the levy, and there was no evidence that claimant had notice, at the time of the purchase, of the existence of the judgment: *Held*, that the land was discharged from the lien of the judgment, and that the verdict of the jury finding the land not subject, will not be disturbed. WARNER, J., dissenting.

Claim. Homestead. Prescriptive title. Decided by Judge PARROTT. Whitfield Superior Court. April Term, 1869.

On the 29th of October, 1861, Dooly obtained a judgment against one Forsyth, upon which a *fi. fa.* was issued on the 13th of November, 1861. On the 4th of November, 1868, this *fi. fa.* was levied upon a lot of land in said county, as Forsyth's property. Isbell, as trustee for his children, claimed the land.

On the trial of the claim, Dooly's attorneys showed that Forsyth had had possession of said land as his own, after the

Dooly *vs.* Isbell.

date of the judgment, and closed.   Isbell's attorneys read in evidence a deed, whereby, on the 3d of March, 1863, Forsyth conveyed said land to Isbell, as such trustee.   They then tendered an exemplification of a record, showing that said land had been set apart as a homestead for said Isbell, as such trustee.   This was objected to because it was irrelevant, and because it was made after the lien of Dooly on the land had attached.   The objections were overruled, and the record was read.

"There being no dispute about the facts, and the question being simply one of law, as to what effect was to be given to the proceeding setting apart this lot to the claimant, as trustee, the jury, under the instructions of the Court, found that the property was not subject."

Counsel for Dooly say that the Court erred in admitting said evidence, and in his said instructions to the jury.

E. P. EDWARDS, DAWSON A. WALKER, W. K. MOORE, for plaintiff in error, cited 1st section of Art. VII Constitution of 1868, and the Act of October 3d, 1868, in comparison with Act of December 11th, 1841, Cobb's N. D., 389, and the Act of 1843, Ib. 390, Code, section 2013 ; Maxey, Jordan & Co., vs. Loyal, 38 Ga. R. ; 1st Kelley R., 193, and Code, section 1944.

J. A. R. HANKS, for defendant, cited 14th Ga. R., 454, as to proper construction of said Act of 1868, and said clause of the Constitution, and Ogden vs. Saunders, 12, Wheat. R., 351–3, Bronson vs. Kenzie, 1st Howard's R., 315, Van Hoffman vs. the City of Quincey, 4th Wallace' R., 553, and Cutts & Johnson vs. Hardee, 38th Ga. R., to show that the Act of 1868 was constitutional.

McCAY, J.

The argument of this case at the hearing, was mainly in the constitutionality and construction of Article VII of the Constitution of 1868, but if the verdict of the jury is right in the case, it ought to stand, even if the homestead provis-

ion of the Constitution does not apply, as between these parties. Whether it does apply or not, we do not decide.

The verdict of the jury is sustainable on the ground decided by this Court, at this term, in the case of *Nathan Chapman vs. Warren Akin*, from Bartow county. The plaintiff in the *fi. fa.* did not make his levy within the time prescribed by the Code, section 3525, after the property had gone into the possession of an innocent *bona fide* holder. The evidence shows that the property was bought by Isbell, on the 3d of March, 1863, and the evidence does not show that he had any notice of this *fi. fa.* The levy was made November 4th, 1868. The law, it is true, carries the lien of the judgment over upon the property of the defendant into the hands of an innocent *bona fide* holder, but it is upon the condition that he asserts it in four years after the transfer.

We held, in the case of *Chapman vs. Akin*, at this term, that this was not a statute of limitations, but a condition put by law, upon the plaintiff's lien, like the duty to record a mortgage, or to enter a mechanic's lien, and that if the plaintiff fail to comply with the condition, as against an innocent purchaser, the lien is gone. What is the difference in principle between this case and the case of a mortgage? In case of a mortgage, the lien exists by the contract; it is not good against subsequent purchasers without notice, unless it is recorded; and it is wholly immaterial why it is not recorded; neither death nor accident, nor war, nor minority, nor marriage excuses. There *must* be either record or notice, to make the mortgage good against an innocent purchaser. So too of a judgment lien against an innocent purchaser without notice; it must be levied in four years; that is the condition on which it is permitted to follow property into the hands of third persons. And that condition must be performed. That the plaintiff in *fi. fa.* has been prevented by accident, by the act of God, as death, by minority, by war, by marriage, or by any hindrance, except one put in his way by the claimant himself, is no excuse. The claimant is himself, an innocent purchaser, and is entitled to protection if the plaintiff does not perform the conditions upon which the law permits

him to pursue property in possession of defendant, at the date of the judgment, over into the hands of innocent purchasers.

Judgment affirmed.

BROWN, C. J., concurred, but furnished no opinion.

WARNER, J., dissenting.

The facts in this case as disclosed by the record are, that Dooly, the plaintiff, levied his *fi. fa.* on the land as the property of Forsyth, the defendant in *fi. fa.*, in satisfaction of a judgment dated the 29th day of October, 1861, proved the defendant, Forsyth, to have been in possession of the land subsequent to the date of the judgment, and closed his case. The claimant introduced in evidence a deed from Forsyth, the defendant in execution, dated March 3d, 1863, to himself for the land in dispute, and an exemplification from the Court of Ordinary, setting apart to him this land as a *homestead.* The only question made and decided in the Court below, and the only question made on the argument before this Court was, whether Isbell could claim a homestead in the land as against Dooly's judgment lien, upon the statement of facts before recited. There was no question made or decided in the Court below, and none made before this Court as to the *statutory bar of four years possession.* There is no evidence in the record as to the length of time the claimant had been in possession of the land, or whether he had ever been in possession of it, and yet the majority of the Court wholly *ignore* the question decided in the Court below upon which error is assigned here, and have proceeded to dispose of the case upon an *assumed* state of facts which do not appear in the record, and upon a point which was never raised or decided by the Court below, nor discussed before this Court. The majority of the Court *assume* in their judgment, that the party claiming the homestead in the land had been in possession of it for four years as a *bona fide* purchaser for a valuable consideration. There is no evidence in the record as to the length of time Isbell was in possession of

the land, or whether he was a *bona fide* purchaser of the land from Forsyth, the defendant in execution, for a valuable consideration or not.    To have constituted Isbell a *bona fide* purchaser of the land as provided by the 3525th section of the Code, three things were necessary to have been proved on the trial.    First, that he did *not have notice* of the existence of the judgment against Forsyth at the time he purchased the land from him, (for if he did have *notice* of it, the legal presumption is, that he purchased the land subject to the lien of the judgment, and paid that much less for it) ; second, that he paid a valuable consideration for the land ; and third, that he had been in possession of the land as such *bona fide* purchaser for a valuable consideration, for *four years.*

This evasion of a grave question made and decided in the Court below, and disposing of the case upon an *assumed* state of facts, *not* made by the record is, to say the least of it, setting a very bad example for the other Courts in the State to follow.    Upon the facts of the case, as made by the record, my judgment is, that Forsyth, the defendant, would not be entitled to a homestead in the land, as against the plaintiff's judgment, which is dated the 29th of October, 1861, for the reasons stated in *Hardeman vs. Downer*, decided during the present term; second, because Isbell, who purchased the land from Forsyth in March, 1863, has no legal estate in the land which entitles him to a homestead thereon as against the plaintiff's judgment lien upon the land, which was created and attached thereto whilst Forsyth was the owner thereof. In no view of this homestead question, in my judgment, can a judgment debtor be allowed to divide out his estate, by selling the same to different purchasers, and each purchaser thereof be entitled to a homestead in each tract conveyed by the judgment debtor, and the judgment debtor himself to have a homestead in that portion of his land not conveyed, and thus absorb his entire estate by the *multiplicity* of homesteads, thereby defeating altogether the claims of his judgment creditors.    The pertinent inquiry is how *many homesteads* can a judgment debtor have allowed out of his estate

against which no judgment can be enforced ?    This question was properly made by the record in this case, but the majority of the Court have thought proper to dispose of the case without answering the question.

I am of the opinion the judgment of the Court below should be reversed.