IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

## JULY TERM, 1875.

PRESENT—HIRAM WARNER, CHIEF JUSTICE.
L. E. BLECKLEY, } JUDGES.
JAMES JACKSON, }

---

D. STOVALL, plaintiff in error, *vs.* WILLIAM M. HAIRSTON, defendant in error.

1. An agreement to settle an existing debt by promise to pay a part thereof, is void, for want of consideration, unless some benefit accrues from the agreement to the creditor or detriment to the debtor, other than what springs out of the original contract.

2. If the plaintiff delayed suit by reason of said promise until his original claim was barred by the statute of limitations, then he suffered such detriment as would operate as a consideration for the promise.

3. The detriment sustained by the plaintiff, if relied upon as a consideration for the contract sued on, should be distinctly alleged in the declaration and proved upon the trial. .

Contracts. Consideration. Debtor and creditor. Pleadings. Before Judge BUCHANAN. Troup Superior Court. May Term, 1875.

Reported in the decision.
VOL. LV. 2.

Stovall *vs.* Hairston.

SPEER & SPEER, for plaintiff in error.

FERRELL & LONGLEY, by brief, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover the sum of $200 00, with interest thereon, from February, 1869, which the defendant promised the plaintiff, in several letters written to him, that he would pay in settlement of two notes which the plaintiff held on the defendant, amounting to the sum of $390 00, besides interest, dated in 1861. The plaintiff, by letter, agreed to accept the defendant's proposition to pay the $200 00, with interest thereon from February, 1869, which the defendant, in letters written to the plaintiff, promised from time to time to do, the last letter being dated 10th of March, 1871. When the plaintiff had closed his evidence by reading the letters of the respective parties to each other, the defendant made a motion to non-suit the plaintiff, on the ground that there was no legal or valid consideration shown for the defendant's promise to pay the $200 00 to the plaintiff. The court sustained the motion, and the plaintiff excepted.

1. In *Molyneaux vs. Collier*, 13th *Georgia Reports*, 407, it was held that an agreement to settle an existing debt by promising to pay a part thereof, was void, for want of consideration, unless some advantage or benefit accrues to the creditor, or detriment to the debtor, from the agreement, other than what springs out of the original contract. Detriment to the creditor to whom the promise is made, is not included in the words of the decision in that case. But the 2740th section of the Code defines a valid consideration to support an agreement or contract to be, if any benefit accrues to him who makes the promise, or any injury to him who receives the promise.

2. Now, it is fairly inferable from the repeated promises made by the defendant, in his letters, to pay the plaintiff the

$200 00, with interest thereon from February, 1869, and the plaintiff's replies to said promises, that he was induced thereby not to have instituted suit on the original notes until after the 1st of January, 1870, when the same would have been barred by the statute of limitations of 1869. Whether the plaintiff did institute suits on the original notes prior to the 1st of January, 1870, or whether he forbore to do so by reason of the defendant's repeated promises to pay the $200 00 with interest thereon, is not alleged in the plaintiff's declaration. If the plaintiff did forbear to sue on the original notes in consequence of the defendant's repeated promises to pay the $200 in settlement thereof, until the same became barred by the act of 1869, (which we think may fairly be inferred from the correspondence between the parties,) then the plaintiff was *injured* by the defendant's promise to him which he has failed to perform, and such injury would constitute a valid consideration for the defendant's promise under the section of the Code before cited.

3. In view of the facts of this case as disclosed by the evidence in the record, we reverse the judgment of the court awarding the non-suit, with directions that the plaintiff amend his declaration, and distinctly aver the injury he has sustained in consequence of the defendant's promise, in order that he may distinctly prove the same on the trial, and not leave that material fact to be inferred from the correspondence of the parties read in evidence. The plaintiff should allege a legal and valid cause of action in his declaration before he is entitled to have the judgment of the court thereon in his favor.

Let the judgment of the court below be reversed.