BLALOCK *et al.*, executors, *v.* JACKSON.

1. Where one holding a bond for titles executed by a partnership, binding the firm to convey land upon the payment of the purchase money, renews the purchase money note after the death of one of the partners, making the new note payable to his executors, who, by a settlement with the surviving partners, had acquired full ownership of the original note, these executors, at the time of taking the new note, giving to the maker their bond for titles, stipulating in the bond to convey to him with warranty upon the payment of that note, the executors, after obtaining a judgment upon the note and filing a warranty deed and having it recorded as prescribed in section 3654 of the code, may have the land levied upon and sold to satisfy the judgment, without obtaining, or causing to be made, any conveyance by the surviving members of the firm, or by the heirs of the deceased member.

2. Inasmuch as executors, in their representative capacity, have no legal power to warrant the title of land conveyed by them, a bond in which they are merely described as executors, without stipulating that they are to convey as such, and which obligates them to warrant the title, should be construed, in such a case as the present, as their personal undertaking; and a deed executed by them as individuals and containing the stipulated warranty, whether it describes them as executors or not, is sufficient, when duly filed and recorded, to enable them to enforce a judgment already obtained for the purchase money.

3. An executory agreement by the plaintiff in execution with the defendant, to accept in payment less than the whole amount of the debt, is not obligatory without a fresh consideration to support it, and mere payment of a part of the sum agreed on will not serve as a consideration.

4. Applied to the pleadings and facts, it results from the foregoing rulings that the first and third grounds in the affidavit of illegality were insufficient in law, and that the second ground, under the evidence admitted, together with that which ought to have been admitted, was without substantial merit.      *Judgment reversed.*

April 2, 1894.  Argued at the last term.

Affidavit of illegality.  Before Judge HUNT.  Upson superior court.  May term, 1893.

An execution in favor of Mrs. H. F. Blalock executrix, and S. N. Woodward executor, of A. J. Blalock, was levied, March 5, 1891, upon land as the property of Cary Jackson, who filed an affidavit of illegality.  This

was sustained by the verdict of the jury, and plaintiffs' motion for a new trial was overruled. It appears that Jackson held the land under bond for title from Stafford, Blalock & Co., of which firm A. J. Blalock was a member, they holding his note for the purchase money. The firm was dissolved by the death of Blalock, and in a division of its assets his estate became owner of the note of defendant. On March 31, 1887, defendant made a new note to the plaintiffs, reciting that it was for the purchase money of land for which he held their bond for titles. This bond was of the same date, was from "Mrs. H. F. Blalock and S. N. Woodward, executors of the estate of A. J. Blalock," and was signed, "Mrs. H. F. Blalock, executrix; S. N. Woodward, executor." It bound them to convey the land levied on, upon payment of $805, the amount of the principal of the note, which was due on October 1st, after date. Plaintiffs brought suit on the note on December 27, 1887, and the judgment from which the execution was issued was rendered on July 20, 1888, for $795.78 principal, $47.82 interest, $84.36 attorney's fees, and $10.75 costs. The execution bears credits for amounts paid in October and December, 1889, aggregating $350. On the day before the levy plaintiffs filed and had recorded a deed from themselves individually, conveying the land to defendant with warranty. (This deed, when offered in evidence, was rejected by the court.) The grounds of illegality were, in brief: (1) That no good and sufficient legal title to the land has been made to defendant, and filed, in accordance with his bond for title from Stafford, Blalock & Co., who made no deed to him though they agreed to do so. (2) That plaintiffs have not complied with the terms of their bond for title, in that they have made and filed no deed to defendant in accordance with said bond. (3) That the execution is proceeding for about $150 more than is due on it, by reason of the following facts: The

debt due by defendant to Stafford, Blalock & Co. was usurious, and when plaintiffs brought suit on the note, he employed counsel to plead usury; whereupon S. N. Woodward, plaintiffs' attorney, agreed with him, if he would not make said defence and would allow the judgment to be taken for the amount shown on its face, he should have the benefit of the defence in time to pay the judgment, and that he might pay in annual instalments of such amounts as he could pay until the whole debt was paid.   Upon that consideration defendant did not defend the suit.   When he made the first payment on October 5, 1889, Woodward agreed with him that, if he would pay all at once Woodward would settle the *fi. fa.* for $800 including the $50 that day paid, and that Stafford, Blalock & Co. would make him a deed to the land, and Stafford of that firm agreed that they would do so.   Defendant accepted the proposition, paid the amount which is credited on the *fi. fa.*, and negotiated a loan for the balance ($450) which he tendered plaintiffs upon Stafford, Blalock & Co. making him a deed.   This they declined to do, and the loan association refused to loan the money on a deed made by plaintiffs, as they, being executors, could not legally buy or sell the land from Stafford, Blalock & Co.   Defendant tendered then, and now tenders, the $450 in full payment of the balance due on the *fi. fa.*, whenever he receives a warranty deed in accordance with his bond for title from Stafford, Blalock & Co.

S. N. WOODWARD, for plaintiffs.

J. Y. ALLEN and M. H. SANDWICH, for defendant.