## 16221.  AMERSON v. COX.

STEPHENS, J.   1. A contract between one who has sold land and given a bond for title therefor and one who has taken from the purchaser a transfer of the bond and has assumed the purchaser's outstanding obligation for the purchase-money to the seller and has taken possession of the land, by which contract it is agreed that the person who took the transfer of the bond, and thereby became substituted for the purchaser of the land from the original seller, may rescind the contract of sale and relinquish possession of the land and obtain a cancellation of his obligation, upon his subsequent inability to carry out his contract by meeting the payments due for the purchase-money, is a contract by which the latter purchaser agrees to resell the land to the original seller, and is therefore a contract for the sale of land which the statute of frauds (Civil Code of 1910, § 3222 (4) ) requires to be in writing. *Walker* v. *Malsby Co.*, 134 *Ga.* 399 (2) (67 S. E. 1039); Anderson v. Anderson, 128 Wash. 504 (223 Pac. 323, 38 A. L. R. 292).

2. In a suit by the original seller against the last purchaser, upon one of the promissory notes given for the purchase-money by the original obligee and which had been indorsed by the defendant, the court properly excluded evidence setting up a parol agreement of rescission between the plaintiff and the defendant, as indicated above, upon objection made by the plaintiff's counsel upon the ground that the agreement was not in writing.

3. The remaining grounds of the motion for a new trial, not being insisted upon by counsel for plaintiff in error, will be treated as abandoned.

4. The above evidence having been properly excluded, the court did not err in directing a verdict for the plaintiff.

>                    *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

>                    DECIDED FEBRUARY 18, 1926.

Complaint; from Taylor superior court—Judge Munro. November 29, 1924.

*Jere M. Moore,* for plaintiff in error.   *C. W. Foy,* contra.

---

Frauds, Statute of, 27 C. J. p. 207, n. 51; p. 381, n. 66.