21506. DIXON *v.* ERNEST L. RHODES & COMPANY.

2. The allegations that upon the discovery of a "small execution against the defendant," the plaintiff decided that in order to clear the title it would be better "to foreclose the security deed" than to have a conveyance by warranty deed of the defendant's equity, and that, in order that "the title to said property could be cleared of said lien and execution," the defendant agreed not to appear and bid at the sale, and did refrain from doing so, discloses an agreement to hinder, delay, or defraud the execution creditor, and the agreement, being thus made for an illegal purpose, could not be enforced by the defendant against the opposite party, who, after bidding in the property at such sale, refused to surrender the note or otherwise abide by such agreement. *Chenoweth* v. *Williams*, 39 *Ga.* 344 (147 S. E. 180).

3. Moreover, upon a consideration of the answer as a whole, it will admit of no other reasonable construction than that the negotiations and agreements between the plaintiff and the defendant were not in writing; and, the subject-matter being an interest in lands, the agreements were unenforceable under the statute of frauds. *Bailey* v. *Turner*, 150 *Ga.* 823 (105 S. E. 471); *Amerson* v. *Cox*, 35 *Ga. App.* 83 (132 S. E. 105); *Weems* v. *Kidd*, 37 *Ga. App.* 8 (138 S. E. 863), and cit.

4. Whether or not the defendant's agreement not to appear and bid at the sale might otherwise have constituted a valuable consideration (*Roughton* v. *Rawlings*, 88 *Ga.* 819, 822, 16 S. E. 89), it could not amount to such consideration where its object and purpose was to hinder, delay, or defraud another creditor. Since the agreement not to bid at the sale was thus illegal and void as a consideration, and since the plaintiff, in foreclosing its security deed and selling the property, was doing only that which it had the right to do independently of the new agreement, it follows that the alleged agreement of the plaintiff to release the remainder of the debt was altogether lacking in consideration, and also that there was no such performance as would remove the case from the operation of the statute of frauds.

5. Upon application of the above rulings, the court properly struck the defendant's answer as for failure to set forth a valid defense.

6. If exception is taken to a final judgment for alleged error within itself, as distinguished from error in some antecedent ruling, the assignment of error should specificially set forth the alleged error in the final judgment. If the error claimed should be that the judgment "was rendered in vacation without authority of law, . . an assignment of error should not merely generally allege that the judgment was wrong, but show wherein it was wrong." *Lyndon* v. *Georgia Ry. &c. Co.*, 129 *Ga.* 353 (2) (58 S. E. 1047). Accordingly, the general exception to the final judgment in this case did not raise the question as to whether the judgment was invalid as having been rendered in vacation without authority of law. Nor is any question presented as to whether the plaintiff could recover attorney's fees in such a judgment.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 11, 1932.

*A. J. Tuten,* for plaintiff in error.   *J. A. Roberts,* contra.