26554. MECHANICS LOAN & SAVINGS CO. *v.* FOWLER.

DECIDED FEBRUARY 5, 1938.

*Burress & Dillard,* for plaintiff. *James K. Rankin,* for defendant.

FELTON, J. Mechanics Loan & Savings Company obtained judgment against Clyde C. Fowler and another for approximately $950. It procured process of garnishment to be issued to collect an alleged balance of $461.04. Fowler filed an affidavit of illegality in which he contended: that in consideration of his and another of the joint debtor's foregoing the opportunity of accepting positions outside the City of Atlanta, and remaining in Atlanta until the debt was paid, the company would accept $700 in full settlement of the execution, payable $25 June 30, 1934, and $25 on the first day of each month thereafter, beginning August 1, 1934, until $700 was paid; the agreement stipulating that time was of the essence of the contract and that if the payments were not made exactly when due the agreement was to be null and void and that

the company would have a right to collect the entire balance which might be due on the judgment; that he made some payments on time but most of them several days late, each payment being in the sum of $25 and the total of all payments being $500, and he tendered $200 in cash on February 8, 1936, before the ensuing installment was due, in final payment and settlement of the contract, which payment of $200 the company refused to accept; that it had received each of the $25 payments without ever objecting that any was not paid exactly when due and no notice given that it did not intend to waive the provision in the contract providing for prompt payment and that it would insist on a strict compliance with the contract. The judge directed a verdict in favor of the affidavit of illegality.

The general demurrer to the affidavit of illegality as amended was properly overruled. The defendant produced evidence substantiating his contentions, none of which was controverted. There was evidence that a letter was written to the defendant indicating that the payment of the $25 installments later than the dates due was not satisfactory and that the compromise was treated as void, but there was no evidence that such a letter was ever mailed.

■ The agreement on the part of the defendant and another of the debtors not to leave Atlanta was a consideration sufficient to support the accord and satisfaction. 1 Am. Jur. 236, § 38; 1 C. J. S. 505, § 29(5-b).

■ Part of the agreement reads as follows: "Time being of the essence of the contract, it is understood that if these payments are not met exactly when due, then this contract to be null and void and of no effect, and the party of the first part shall have the right to collect the entire balance which may be due on the said judgment." Under the facts of this case, the plaintiff had waived its right to declare a forfeiture of the contract for the failure of the defendant to make the installment payments when due. It is true that some of the payments were made on the date when due, some on the day before they were due, and others one, two, and three days after they were due, all of which payments were accepted by the plaintiff without its declaring a forfeiture of the contract. The last payment made to and accepted by the plaintiff was on February 1, 1936, the exact date when this payment was due. The defendant then, on February 8, 1936, before any other payment

became due, tendered to the plaintiff the entire balance under said contract. All the payments were made to and accepted by the plaintiff without any protest and without notice to the defendant of an intention to forfeit the contract or to hold the defendant to the strict terms thereof. In *Hill* v. *Sterchi Brothers Stores,* 50 *Ga. App.* 193 (3) (177 S. E. 353), and *Young* v. *Durham,* 15 *Ga. App.* 678 (2) (84 S. E. 165), there were sums of money due the creditors and unpaid at the time the breach was claimed, and the debtor undertook to justify his right to pay the *past-due* installments on the ground that the creditor had accepted other installments after they were due. Those cases are different on their facts from the case at bar. Under the facts of the present case the plaintiff had waived its right to declare a forfeiture of the contract, and the court properly directed a verdict in favor of the affidavit of illegality.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*