27450. WALBRIDGE, trustee, v. JACOBS' PHARMACY CO.

DECIDED MAY 26, 1939. REHEARING DENIED JULY 22, 1939.

*Alston, Foster, Moise & Sibley,* for plaintiff.
*Haas, Gambrell & Gardner,* for defendant.

GUERRY, J. On January 1, 1923, E. K. Lumpkin leased to Jacobs' Pharmacy Company certain described property on Peachtree Street in Atlanta, Georgia, for a term of fifteen years beginning January 1, 1923, and ending December 31, 1937, at an annual rental for the first seven and one-half years, of $9500, and for the last seven and one-half years $10,000 per annum; said rental to be paid in equal monthly installments in advance on the first day of each month. The lease also provided that Jacobs' Pharmacy Company should pay all city and State and county taxes as they matured. The plaintiff in this action, Mrs. Walbridge, was the successor to the rights of E. K. Lumpkin. It appears from the evidence that in January, 1935, Jacobs' Pharmacy Company had been defaulting to the extent of $33.33 per month since 1933, and was in arrears as to the taxes for 1933 and 1934. An offer was made

at that time that if the lessee would pay these past-due amounts of $33.33 per month and also pay up in full the taxes due to date, a reduction of $33.33 in the amount of rent each month would be made for the future. The lessee failed to comply and this offer was withdrawn. The lessor again renewed the offer to reduce the rent to $800 per month, effective March 1, 1935, "on condition the back taxes are paid by April 1st. (1) However if the taxes are not paid by April 1st and the back rent is not sent me, then the offer is withdrawn April 1st, I hope I have made this plain." The above communication, which was in writing, was agreed to by Jacobs' Pharmacy Company but was not complied with, and on March 25, 1935, it wrote that it found it impossible to pay all the taxes at that time but that it would pay the city taxes by April 1, and the State and county taxes during the month of August. Mrs. Walbridge wrote in reply to this that "The trustee will be glad to give the $33 a month reduction in rent from April 1st, contingent on the fulfillment of the above agreement, but if the county taxes are not paid by Jacobs during August the $33 is to stand as accrued from April 1st." Jacobs' Pharmacy Company did not finish paying these taxes until October 25, 1935. The full $833.33 per month was paid up to March 1st, 1935. Beginning March 1, 1935, Jacobs' Pharmacy Company paid the lessor $800 each month and no more until the end of the contract, Dec. 1, 1937. Jacobs' Pharmacy Company assumed that the $800 being paid each month was in full settlement of the rent for that month.

This suit was brought to recover the unpaid $33.33 a month beginning March 1, 1935, and ending December 31, 1937. The defendant pleaded a full accord and satisfaction. Under the facts as above stated the trial judge directed a verdict in favor of the defendant and the plaintiff excepted.

Code, § 20-1204 provides: "An agreement by a creditor to receive less than the amount of his debt can not be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." This section is codified in part at least from *Evans* v. *Pollock*, 2 *Dudley* (*Ga. Dec.*) 33, as follows, "A creditor is not bound by a contract to receive from his debtor a smaller sum of money for his discharge from a greater, unless the money is actually paid and

accepted at the time. No subsequent tender will avail him. The creditor has a right to refuse." In *Brown* v. *Ayer*, 24 *Ga.* 288 (3), it was held: "If a creditor agree to receive from his debtor a less sum in satisfaction of a greater, and the less sum is paid him and he accepts it, the contract is executed, and he can not treat it as a nullity and recover the balance; otherwise, if the contract is executory, and must be enforced through a court of law." In *Tyler Cotton-Press Co.* v. *Chevalier*, 56 *Ga.* 494 (5), it was said: "An executed agreement to receive less than the amount of the debt due, by actual payment of the money agreed upon, can be pleaded as an accord and satisfaction, and will estop the party so receiving the money from asserting his claim to the balance." See, in this connection, *Burgamy* v. *Holton*, 165 *Ga.* 384 (141 S. E. 42); *Riley Co.* v. *London Guaranty Co.*, 27 *Ga. App.* 686 (109 S. E. 676); *Campbell Coal Co.* v. *Pano*, 51 *Ga. App.* 232 (180 S. E. 139). The general rule as regards liquidated demands is undoubtedly as is stated in 1 Am. Jur. 235: "That the mere payment of a lesser sum on the day fixed by the contract or after default, can not be any satisfaction for the whole though it was agreed that such payment should satisfy the whole, because of a want of consideration for the discharge of the whole." And, quoting further, "However the general rule, although prevailing in most jurisdictions has not passed unchallenged; it has been repudiated in some jurisdictions on the practical ground that the receipt by a creditor of cash in hand, though less than the amount due him, is a real benefit when the fact that he might be put to vexation, cost, and delay, or the hazards of litigation in an effort to collect all is taken into consideration." 1 C. J. 539, refers to the fact that the general rule above stated has been changed in a number of jurisdictions or modified by statute, and cites the Georgia Code section quoted above as an example. An executory contract or agreement to take less than the whole is not enforceable in Georgia because it is without consideration. An executed contract to take less than the whole, where the money has been actually paid over to the creditor according to the terms of the agreement and accepted by him in satisfaction thereof, is a discharge of the entire indebtedness. If the evidence in this case had shown that Mrs. Walbridge agreed to accept $800 in full satisfaction of the $833.33 due each month, and had actually accepted it under such condi-

tions, we would be willing to hold that there was an executed contract of accord and satisfaction and that the verdict directed was proper.

We do not think the evidence was sufficient to show this fact. The plaintiff made it very clear that although, before March, 1935, the defendant had been paying her only $800 per month she was not accepting this sum as settlement in full of her claim under the contract. The contract called for $833.33 per month, and she was standing on the contract. When the suggestion was made to her that she agree that for the future she take $800 a month in full satisfaction of the rent, she replied that she would accept this only conditionally, and she then named the conditions, to wit: payment of past-due taxes which the lessee was already bound to pay, and made the date, April 1, a time for such payment, as one of the conditions. Time was certainly of the essence of her offer in that case. The lessee failed to comply with this offer, and sought a further proposition that it be allowed until during the month of August to comply with the condition as to the payment of the taxes. This was made to the plaintiff and she agreed to give this further time for the defendant to comply with the terms of her offer of reduction, and wrote again that this reduction of $33 a month in rent from April 1st would be granted *"contingent* on the *fulfillment* of the *above agreement,* but if the county taxes are not paid by Jacobs during August *the $33 is to stand as accrued from April 1st."* Again it seems to us that time was of the essence of this agreement to take a lesser amount.

It can not be contended, under the agreement set forth, that if the taxes had not been paid at all that there was any consent or agreement to take less than the full amount due for the rent; neither can it be contended that a failure to comply with the payment of these taxes within the time limit fixed by the agreement was not a breach of the contract or agreement to take less than the whole. The agreed statement of facts in this case showed that the plaintiff had theretofore made agreements to reduce the rent upon compliance by the defendant with the exact terms of the lease. The defendant failed to comply with these offers of reduction and they were withdrawn. April 1 was then set as a date for the payment of the taxes, and it was stated that a strict compliance would be insisted on as to the time. She stated, "I hope I have made

this plain." This offer was not accepted, and again it was agreed that defendant would be allowed until the month of August to pay the taxes accrued, and any reduction of the amount was to be contingent on this payment of the taxes during the month of August; and a failure to pay during the month of August would abrogate the entire agreement and the $33 would stand accrued from April 1. The defendant having failed to comply with this agreement, there was no completion of its execution. The agreement itself specifically stated that the failure to pay in August made of no avail any agreement to reduce the full amount due under the lease. A part performance of such an agreement will not make it executed. See, in this connection, *Farmers State Bank* v. *Singletary, 22 Ga. App.* 653 (97 S. E. 90). The accord, or the agreement, having been entered into, does not become satisfied until the terms have been fully complied with. Unless and until the accord entered into in this case was fully executed, the agreement was executory and being without consideration was unenforceable. A part performance would not be sufficient. The time in which the payment of the taxes was to be made was also an essential feature of the contract of accord and satisfaction. "To make an accord effectual, there must be a satisfaction, and if payment on an accord is to be made when the agreement is made, and a party fails to make payment at that time, the accord fails and the other party may sue on the original claim." Stanley *v.* Buser, 105 Kan. 510, 185 Pac. 39, 10 A. L. R. 218, and annotations.

What was said by this court in *Mechanics Loan & Savings Co.* v. *Fowler, 57 Ga. App.* 277 (195 S. E. 222), is not in conflict with this holding. In that case the accord and satisfaction was an executory agreement based on a consideration. It was held that the continued acceptance of instalment payments after due dates, in the absence of a notice to the contrary, is, on such a contract, a waiver of the right to treat the agreement as void. In the present case there was no executed agreement. The full amount was demanded, although the plaintiff had agreed, her agreement not having been complied with, that a lesser amount would be accepted in lieu thereof expressly conditioned on the payment of the taxes by a certain date. The fact that the lessee continued to pay $800 instead of $833.33 each month and the lessor continued to receive this amount can not be treated as a waiver of the express and par-

ticular conditions which had been attached to her agreement to accept a lesser amount in satisfaction of the claim.

Under the evidence in this case we think a verdict was demanded for the plaintiff. The court erred in directing a verdict for the defendant.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*