## 37451. TAYLOR *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

TOWNSEND, Judge. 1. The Central of Georgia Railway Company obtained default judgments against S. E. Taylor, the largest of which was in the sum of $10,953.96, and subsequently levied this execution upon certain of his property. Taylor filed an affidavit of illegality on the ground that there had been an accord and satisfaction by reason of the following: The plaintiff and the defendant in fi. fa. had agreed, through the president of the plaintiff company, that the plaintiff would accept the sum of $7,500 in satisfaction of all three executions, said sum payable at the rate of $300 per month plus interest; the defendant has performed this agreement and had, at the time of the levy of the fi. fa. paid these monthly instalments on time for a period of 10 months and is not in arrears on his payments, and the executions are accordingly proceeding illegally.

Code § 20-1201 provides: "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Code § 20-1204 provides: "An agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of

additional security, or the substitution of another debtor, or some other new consideration." The plaintiff in execution here relies upon the line of cases annotated under these Code sections which hold that an agreement to accept less than the full amount of an admitted, liquidated indebtedness does not amount to a satisfaction until fully executed, and that part payment of the lesser amount is not a satisfaction of the entire debt but only a defense pro tanto. The defendant in execution contends that an accord and satisfaction exists here because the new agreement has been fully executed *according to its terms*—that is, he did not breach the accord, but paid each instalment as it came due, and no more than this was required of him. The question at issue then is whether there is a valid accord and satisfaction where, although the agreement has not been fully executed, it has been fully executed as to those obligations on the part of the defendant which had accrued thereunder at the time when the levy was made. If an accord were an ordinary contract, this would of course be amply sufficient. We have accordingly eliminated all cases on the subject of accord and satisfaction which do not have therein the element of part performance, and of the latter have distinguished cases in which there was a failure by the defendant to perform some act which under the new agreement he undertook to perform. See *Kennedy* v. *Maddox*, 15 *Ga. App.* 684 (84 S. E. 153); *Walbridge* v. *Jacobs' Pharmacy Co.*, 60 *Ga. App.* 404 (3 S. E. 2d 876). There still remain cases to sustain the plaintiff's position that the accord, in the absence of full payment, does not amount to a satisfaction. In *Blalock* v. *Jackson*, 94 *Ga.* 469 (20 S. E. 346) defendant in fi. fa. alleged an agreement to accept a lesser amount than the amount of judgment performed by the payment of $350 in instalments and tender of the balance as soon as the defendant was able to borrow it. The tender was refused. The court there held (headnote 3): "An executory agreement by the plaintiff in execution with the defendant to accept in payment less than the whole amount of the debt, is not obligatory without a fresh consideration to support it, and mere payment of a part of the sum agreed on will not serve as a consideration." It was likewise held in *McLendon* v. *Johnson*, 69 *Ga. App.* 214 (4) (25 S. E. 2d 53) that an agreement to release a debt of $4500 by payment of $270

annually during the lifetime of the payee, being executory in nature, did not amount to a release although it recited the acceptance of the first instalment therein. In *Hoffman* v. *Franklin Motor Car Co.*, 32 *Ga. App.* 229, 235 (122 S. E. 896), paraphrasing *Long* v. *Scanlan,* 105 *Ga.* 424 (31 S. E. 436) it is held: "Accord executed is satisfaction; accord executory is only substituting one cause of action in the room of another. . . . Every accord ought to be full, perfect and complete; for if divers things are to be performed by the accord, the performance of part is not sufficient, but all ought to be performed. If the thing is to be performed at a day to come, tender and refusal is not sufficient, without actual satisfaction and acceptance. To be good, the accord must be fully executed; execution of part and tender of performance of residue is not sufficient. As long as the accord is executory, although it is partially performed, the original cause of action is not extinguished." See also *Dixon* v. *Ernest L. Rhodes & Co.*, 44 *Ga. App.* 678 (162 S. E. 716); *Redman* v. *Woods,* 42 *Ga. App.* 713 (157 S. E. 252); *Wilder Bros.* v. *Montgomery,* 51 *Ga. App.* 231(2) (179 S. E. 861). This language follows the wording of our Code section and also the common-law rule on the subject. See 1 C.J.S. 57, Accord and Satisfaction, § 29; *Sargent* v. Donahue, 94 Vt. 271 (110 A. 442); *Corrigan* v. Payne, 312 Mass. 589 (45 N.E. 2d 829); American Mutual Liability Ins. Co. v. Volpe, 284 F. 75. In the latter case a distinction is made between a purely legal defense and a defense in equity. And, as pointed out in *Molyneaux* v. *Collier,* 13 *Ga.* 406 and *Brunswick & Western Ry. Co.* v. *Clem,* 80 *Ga.* 534 (7 S. E. 84) a distinction must be made as to whether the agreement by its terms professed to take the *performance* of the debtor or the *promise* in satisfaction of the debt. Here, as there, it is not alleged that the *promise* of the $7500 in monthly instalments of $300 each was accepted in substitution of the larger sum, but only that its part payment constituted the satisfaction. Since the judgment creditor is entitled to the whole of the debt, his promise to accept a lesser amount does not become binding upon him until the whole of such lesser amount is paid and accepted by him, and even tender, under these circumstances, will not take the place of performance. It appears that such unperformed promise cannot itself constitute a satisfaction unless such

promise amounts to a novation, thus taking the place of the original obligation. To do this it must be supported by a new consideration. The new consideration alleged in the amendment is, as is pointed out herein, insufficient. On the other hand, paragraph 3 of the original affidavit of illegality, which was not changed by the amendment, alleges that "under such compromise agreement, plaintiff in fi. fa. agreed to accept the sum of $7,500 plus interest in satisfaction of all judgments held by him against the defendant in fi. fa. and said sum to be payable in monthly payments of $300 plus interest." It is therefore affirmatively alleged that the payment and acceptance of this sum, rather than the promise to pay it, was to constitute the satisfaction. The part execution of the accord was accordingly no defense.

2. The rule as set out above being a harsh one, a new consideration, although slight, will be sufficient to support the new agreement. Mere part payment of the sum agreed on will not serve as such a consideration. *Blalock* v. *Jackson*, 94 *Ga.* 469, supra. Compromise of a claim in bona fide dispute is such a consideration but such is not the case here. *Phillips* v. *Lindsey*, 31 *Ga. App.* 479 (120 S. E. 923). Again, a creditor who in reliance on the promise allows the statute of limitations to run against him has suffered such detriment as would operate as a consideration. *Stovall* v. *Hairston*, 55 *Ga.* 9. The same is true of waiver of a defense (*Mortgage Purchase & Sales Co.* v. *Williamson*, 55 *Ga. App.* 92, 189 S. E. 293), or an agreement where the debtor is insolvent and cannot be made to answer for the judgment (*Molyneaux* v. *Collier*, 13 *Ga.* 406, supra) or the delivery of other property which the debtor is not bound under the contract to deliver in full settlement of the claim (*Burgamy* v. *Holton*, 165 *Ga.* 384, 141 S. E. 42). *Mechanics Loan &c. Co.* v. *Fowler*, 57 *Ga. App.* 277 (195 S. E. 222) is the only case called to our attention involving instalment payments, but it was there held that an agreement not to leave the locality, rather than the payment of part of the instalments, furnished the consideration for the accord. The defendant here alleges two considerations: first, that "to enforce the executions totalling $14,991.57 plaintiff would have been required to satisfy all prior existing liens on property of defendant in fi. fa. amounting to approximately $25,000, and that it was extremely doubtful if defendant's

property would have brought the amount of said prior liens plus the amount of plaintiff's judgments", and second, that "defendant was a large shipper of sand over plaintiff railway company and it was to the benefit of said plaintiff to allow defendant to pay said executions at a reduced figure on an instalment basis in order to keep defendant in business." If the second allegation is relied upon as consideration it obviously failed, since the amendment to the affidavit of illegality alleges that the debtor has ceased making such shipments and that this is the reason the executions were levied. The first defense does not amount to an allegation of insolvency. The pleading does not say that the creditor could not have realized the amount of the judgments from the debtor but only that it would have been difficult to do so, and does not even say that the realization of $7,500 (the amount named in the accord and less than half the total figure) would have been difficult, or would have required the plaintiff to assume prior liens before so doing. It thus appears that the accord was nudum pactum, and, not having been fully executed, was no bar to the plaintiff in execution in levying the fi. fas.

The trial court did not err in sustaining the general demurrer to the affidavit of illegality.

*Judgment affirmed. Gardner, J. P., and Carlisle, J., concur.*

DECIDED JANUARY 15, 1959—REHEARING DENIED MARCH 9, 1959.

*Robert H. Jordan,* for plaintiff in error.
*Swinson, Elliott & Schloth, William J. Schloth,* contra.