*Porter & Mebane,* contra.

---

14801.   DOUGLAS *v.* VIRGINIA-CAROLINA CHEMICAL CO.

LUKE, J. 1. A plea to a suit on a note, that so far as the defendant could ascertain, six tons of the fertilizer for which the note was given did not have any of the ingredients of commercial fertilizer and were absolutely worthless, "because the same as mixed was unsuited to the soil and crops for which it was intended and bought," is not a good defense to a fertilizer note containing the following stipulations: "which fertilizer I accept without warranty from the company or its agent as to its quality or value, leaving me to rely solely on the fact that the laws of this State have been complied with." *Arlington Oil & Guano Co.* v. *Swann,* 13 *Ga. App.* 562 (4) (79 S. E. 476) ; *Branson* v. *Piedmont Fertilizer Co.,* 16 *Ga. App.* 546 (85 S. E. 767).

2. It was not error to strike an amendment to the defendant's answer, setting up that six tons of 9-3-0 fertilizer "did not contain any amount of phosphoric acid or nitrogen, or any other thing available as plant food, and was therefore worthless as a fertilizer and of no commercial value."

(*a*) Especially was this true after the plaintiff had introduced in evidence a certified copy of the official analysis from the office of the commissioner of agriculture, snowing that 9-3-0 "Edisto" actually contained 10.08% of phosphoric acid and 1.76% of nitrogen.

(*b*) It follows that the court correctly repelled evidence to sustain the stricken pleas.

3. There was evidence warranting the jury's finding against the defendant's contention that the note sued on was void because the laws of the State as to analysis, inspection, tagging, branding, and registration had not been complied with.

4. The suit being on a fertilizer note for the principal sum of $715.84, with interest from October 1, 1918, at 8 per cent. per annum, and the verdict and judgment, dated February 22, 1922, being for $554.22 principal and $143.99 interest, and the defendant having pleaded that the six tons of 9-3-0 "Edisto," sold to him as containing 9 per cent. of phosphoric acid and 3 per cent. nitrogen, contained only 1.76 per cent. nitrogen, which was 40 per cent. less nitrogen than it was represented to contain, and that he was entitled, under the law, to have an abatement of $90.55 from the purchase price of the fertilizer, because the deficiency in nitrogen reduced the commercial value of the fertilizer more than 3 per cent. below the guaranteed analysis, that a deduction cf $219.15, alleged to be the 25 per cent. damages ·plus the shortage allowed where fertilizer is falsely branded or tagged by reason of a

deficiency in the nitrogen ingredient of more than 10 per cent. below the guaranteed analysis of such fertilizer, should also be allowed the defendant, that an additional deduction of $90.55 as the 25 per cent. damages allowed where, by reason of a deficiency in one of its ingredients as guaranteed, the value thereof fell more than 3 per cent. below its guaranteed analysis, and the certificate from the office of the commissioner of agriculture introduced by plaintiff showed that the manufacturer's guaranteed analysis was 2.47 per cent. nitrogen, while the official analysis showed 1.76 per cent. nitrogen, and that the commercial value of the fertilizer claimed by the manufacturer was $31.29, while the commercial value found by the State chemist was $27.40, and the plaintiff having sworn: "The price of this 'Edisto' was $40, with $2 off, making it $38, with 38 cents freight added," an arithmetical calculation clearly shows that under the pleading and the evidence as applied to the law governing such cases, the evidence would have sustained a larger verdict than the one actually found for plaintiff. Therefore the evidence supported the verdict. Civil Code (1910), §§ 1774, 1778 (b), 1778 (c), and 1778 (d); *Arlington Oil & Guano Co.* v. *Swann,* supra; *Terry* v. *Swift,* 21 *Ga. App.* 431 (94 S. E. 658).

5. The court's charge gave to the defendant the benefit of the only defenses he had under the law and the pleading, there was ample evidence to sustain the verdict, and the record discloses no reversible error.

    *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
           DECIDED MARCH 6, 1924.

Complaint; from Atkinson superior court—Judge Dickerson. May 22, 1923.

*Levi O'Steen,* for plaintiff in error.
*Grantham & Roberts,* contra.