33284. SEIGLER *v.* BARROW *et al.*

DECIDED MARCH 2, 1951.

*R. Lee Chambers III,* for plaintiff in error.
*Jack E. McGahee,* contra.

WORRILL, Judge. J. B. Barrow and O. L. King, trading under the name and style of King-Barrow Company foreclosed a conditional-sale contract against Joseph W. Seigler, and, under the power granted in the said contract, sold certain refrigerating equipment. Thereafter they instituted this action for a deficiency judgment. On the trial the court directed a verdict for the plaintiff, leaving to the jury the sole question as to the amount of attorney's fees to be assessed against the defendant. The defendant made a motion for a new trial on the general grounds and added by way of amendment two special grounds, one complaining of the exclusion of certain evidence sought to be introduced by the defendant to show a partial or total failure of consideration, in that the property involved was not reasonably suited to the use intended and the other complaining of the action of the court in directing the verdict. The court overruled the motion and the exception here is to that ruling.

■ The evidence excluded by the court, as complained of in special ground one set up the defense of a failure or partial failure of consideration on the theory that under the provisions of the Code, § 96-301 (2), the plaintiff had impliedly warranted that the property sold was merchantable and reasonably suited to the use intended. The conditional-sale contract sued upon,

which was attached to the petition as an exhibit contained the provision, among others, that, "Seller makes no warranty of the property and purchaser accepts delivery under the warranty (if any) of the manufacturer only." "A person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest" (Code, § 102-106); and where the contract sued on expressly stipulates that the seller makes no warranty, the defendant, admittedly having signed the contract, will be deemed to have waived the benefits of the statutory law respecting implied warranties in sales contracts. Such being the case, the provision quoted clearly excluded, as against the plaintiffs, the sellers, the defense of failure of consideration, or that the property was not reasonably suitable for the purposes intended. *Douglas* v. *Virginia-Carolina Chemical Co.*, 31 *Ga. App.* 734 (1) (122 S. E. 82); *Widincamp* v. *Patterson*, 33 *Ga. App.* 483 (1) (127 S. E. 158); *Cody & Edgar* v. *Automobile Financing Inc.*, 37 *Ga. App.* 452 (1) (140 S. E. 634). There being no plea setting up fraud in the procurement of the contract, and it appearing that the contract sued on embodied the entire agreement between the parties, the court did not err in excluding the evidence sought to be introduced by the defendant setting up the defense of failure of consideration, and in thereafter overruling the motion for a new trial complaining of this action.

■ ■ There being no conflict in the evidence as to the sale price of the chattel sold and the amount realized upon the foreclosure and resale of it under the conditional-sale contract, or in the right of the plaintiff to recover the difference between the sale price stipulated for in the conditional-sale contract and the amount realized on such foreclosure sale, the trial court did not err in directing the verdict for the plaintiff in the amount sued for, leaving merely the question of the amount of attorney's fees to be set by the jury. The jury set the sum of $1.00 as attorney's fees, and this sum being reasonable, insofar as the plaintiff in error is concerned, the trial court did not err in overruling the motion for a new trial on the general grounds and on the special ground complaining of the directed verdict.

*Judgment affirmed. Sutton, C. J., and Felton J., concur.*