20685. DR. PEPPER FINANCE CORPORATION *v.* COOPER.

ARGUED NOVEMBER 9, 1959—DECIDED JANUARY 8, 1960.

*Sheats, Parker & Webb, Paul Webb, Jr., Otis L. Davis,* for plaintiff in error.

*George T. Bagby, William Hall,* contra.

WYATT, Presiding Justice. The demurrers to the affidavit of illegality, the motion for new trial, and the motion for a judgment notwithstanding the verdict all present the same questions and will be considered together. There is no conflict in the evidence. The only question presented is a legal one, which is whether, under the facts alleged and proved, the defendant, having admitted a prima facie case, is entitled to be relieved of the obligations placed upon him by his contract.

The contract here involved provided, among other things, as follows: "3. Purchaser agrees as follows . . . to maintain said machines in a satisfactory working condition at purchaser's own cost and expense. . ."

"5. The aforesaid machines are manufactured by John E. Mitchell Company, Inc., of Dallas, Texas, and certain refrigerating units manufactured by Servel Corporation of Evansville, Indiana, and it is expressly understood that seller does not make any warranty of any kind as to the performance, condition, or

quality of said machines. .Purchaser agreeing to look solely to the manufacturer's guarantees."

The evidence shows that the defendant saw these machines at a convention in Dallas, Texas; that a representative of the plaintiff told the defendant that the machines would give good service and had given no trouble; that the defendant purchased five of the machines which were delivered to him in Dallas, Georgia; that he received a conditional-sale contract at about the same time he received the machines, but he did not sign it until approximately 13 months afterwards; that the machines began to give trouble soon after they were placed in service; that representatives of the plaintiff worked on them from time to time, but never succeeded in getting the machines to work satisfactorily.

It was further alleged and proved that agents of the plaintiff from time to time urged the defendant to sign the conditional-sale contract; that finally, after some thirteen months, an agent of the plaintiff worked on the machines and told the defendant that they were repaired and that, if they were not repaired, they would get them in satisfactory condition; that the machines continued to give trouble, but that, within about a week after a telephone conversation with another representative of the plaintiff, who told him he would have men come and fix the machines, he then signed and returned the contract to the plaintiff; that the machines continued to give trouble; and that an agent of the plaintiff worked on the machines again, but the machines were improperly designed, never gave satisfactory service, and were useless for the purpose intended.

In so far as the alleged failure of consideration is concerned, it is sufficient to say: "Where the conditional-sale contract signed by the defendant and sued upon, contained the stipulation that the 'seller makes no warranty of the property and purchaser accepts delivery under the warranty, (if any) of the manufacturer only', the defendant is precluded from asserting to the action by the seller for a deficiency judgment on such contract, the defense of a failure of consideration. The contract waived all warranties both express and implied, and in the absence of the showing of fraud, the contract embodying the entire agreement

between the parties cannot be varied by parol evidence." *Seigler* v. *Barrow,* 83 *Ga. App.* 406 (63 S. E. 2d 708).

With reference to the defense of fraud and misrepresentation, it appears that all the oral representations and promises as to the working order and suitability of the machines were made prior to the signing of the written contract and were contradictory to the plain terms of the contract to the effect that the seller made no warranty as to the machines. The defendant testified that he could read and admitted that the agents of the plaintiff did nothing to keep him from reading the contract before he signed it. When the defendant signed the contract, he did so after having had the machines in his possession for about 13 months and with full knowledge of the facts. He knew at that time that the machines had never operated satisfactorily and that he was then having trouble with the machines.

In order to show fraud and misrepresentation in the procurement of the contract as a defense to an action on the contract, it is not sufficient to show that false representations were made, which were known to be false and which were made with the intention to deceive. It must also be shown that the defendant exercised due care to discover the fraud and that he relied upon the false representations to his injury. *Brown* v. *Ragsdale Motor Co.,* 65 *Ga. App.* 727 (16 S. E. 2d 176); *Martin* v. *Alford,* 214 *Ga.* 4 (102 S. E. 2d 598); *Floyd* v. *Woods,* 110 *Ga.* 850 (36 S. E. 225); *Butts* v. *Groover,* 66 *Ga. App.* 20 (16 S. E. 2d 894).

The allegations of the affidavit of illegality and the evidence demanded a finding that the defendant did not rely upon the representations made to him or that he was deceived in any way. He signed the contract knowing that the machines in question had for some thirteen months failed to operate satisfactorily, and that the agents of the plaintiff had been unable to repair them, although they had worked on them a number of times. He is presumed to have known the contents of the contract he signed, in which he agreed to accept the machines without any warranty by the seller as to their condition or suitability for the purpose intended. By signing the contract he indicated his willingness to accept the machines in their then condition without any warranty on the part of the seller, and to rely upon the

warranty, if any, of the manufacturer. He can not now be heard to say that he was in some manner deceived. He knew of the defects in the machines when he signed the contract, and is presumed to have known the contents of the contract he signed.

It therefore follows that the demurrer to the affidavit of illegality should have been sustained. The plaintiff having produced its contract and the defendant having admitted a prima facie case to which, as his own evidence shows, he has no lawful defense, a verdict and judgment in favor of the plaintiff was demanded. It was therefore error to deny the motion for a judgment notwithstanding the verdict.

*Judgment reversed with direction that judgment be entered in accordance with the motion for a directed verdict. All the Justices concur.*