## 54564. UNITED STATES LEASING CORPORATION v. JONES PHARMACY, INC.

BANKE, Judge.

The appellant, United States Leasing Corp., brought this suit against the appellee, Jones Pharmacy, Inc., to recover the balance due under a lease agreement covering a Pitney Bowes Company copying machine. The appellee defended on grounds of fraud and failure of consideration and won a jury verdict. The appellant contends on appeal that the trial court erred in denying its motion for directed verdict.

The appellee did not deal directly with the appellant in obtaining the copier but rather with Pitney Bowes, the manufacturer. The appellant served for all practical purposes merely as a financing agency.

Under the terms of the lease agreement, the lessee was to select both the equipment and the vendor from whom it was to be purchased. The contract specified that the equipment was to be leased "as is," with no warranties, express or implied, by the lessor. The lessor agreed to purchase the equipment and to obtain simultaneously an agreement from the vendor allowing the lessee to enforce in its own name such warranties as might exist between the vendor and the lessor. The lessee agreed to enforce all claims based on unsatisfactory operation of the equipment against the vendor, rather than the lessor. The copier was delivered; but, according to the appellee, it never functioned so as to produce legible copies and was worthless to the business. A Pitney Bowes representative made attempts to fix it, but to no avail. The appellee made no payments following delivery; and after several months the appellant repossessed the machine, sold it back to Pitney Bowes for about one-half the purchase price, and brought this suit for the deficiency.

It was error not to direct a verdict for the appellant-lessor. "In so far as the alleged failure of consideration is concerned, it is sufficient to say: 'Where the conditional-sale contract signed by the defendant and sued upon, contained the stipulation that the "seller makes no warranty of the property and purchaser accepts delivery under the warranty, (if any) of the manufacturer

only," the defendant is precluded from asserting to the action by the seller for a deficiency judgment on such contract, the defense of a failure of consideration. The contract waived all warranties both express and implied, and in the absence of the showing of fraud, the contract embodying the entire agreement between the parties cannot be varied by parol evidence.' *Seigler v. Barrow,* 83 Ga. App. 406 (63 SE2d 708)." *Dr. Pepper Fin. Corp. v. Cooper,* 215 Ga. 598, 600 (112 SE2d 585) (1960).

As for the defense of fraud, no evidence was introduced to support a finding that the appellant ever made any misrepresentations to the appellee about the condition of the machine or that it even knew the machine was defective until months after it was delivered.

Under the terms of the lease agreement, the appellees could refuse to accept the machine only by giving the lessor notice of defects or objections within five days after delivery, which it did not do. The appellee's only proper recourse thereafter was against the vendor, who was never made a party to this suit. The judgment must be reversed with direction that judgment be entered in accordance with the motion for directed verdict.

*Judgment reversed and remanded. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 16, 1977 — DECIDED NOVEMBER 17, 1977.

*Schwall & Heuett, Robert J. Kaufman,* for appellant.
*Susanne F. Burton,* for appellee.