20554. HOME INSURANCE COMPANY OF NEW YORK *v.* HUGULEY.

JENKINS, P. J. "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which it can operate." Civil Code (1910), § 4222. The minds of the parties must meet upon the terms of the agreement. *Robinson* v. *Weller*, 81 *Ga.* 704 (8 S. E. 447); *Stix* v. *Roulston*, 88 *Ga.* 743 (15 S. E. 826); *Harris* v. *Amoskeag Lumber Co.*, 97 *Ga.* 465 (25 S. E. 519); *Larned* v. *Wentworth*, 114 *Ga.* 209 (39 S. E. 855). Thus, while actual delivery of the essential written contract of insurance is not necessary if in other respects such contract is consummated (Civil Code (1910), § 2470; see also *Home Ins. Co.* v. *Freeman*, 42 *Ga. App.* 481 (156 S. E. 461), still a written application for fire insurance delivered by the owner of property to an agent of an insurance company, who is without authority to enter into a contract of insurance on behalf of the company, even though accompanied by a promissory note for the premium, amounts to nothing more than an offer to insure, and, until the minds of the parties have met by an acceptance on the part of the company of the offer to insure, and its actual issuance of a policy in writing, does not result in a binding contract. 32 C. J. 1102, § 187. In the instant suit on a premium note, the defendant pleaded that no policy of insurance had been issued to her, and that there had been no acceptance by the plaintiff insurance company of her application for fire insurance. The defendant testified positively that she had never received a policy, and had received no notice of any kind from the company of the acceptance of the application for insurance, or of the issuance of a policy on her application. Contrary to the evidence in the *Freeman* case, supra, there was no proof going to show the actual issuance and delivery, or issuance and notice of insurance of the policy, other than the testimony of the local soliciting agent as to what the company usually did in such matters, and he did not purport to have any recollection of the transaction in question, the sole effect and purport of his testimony being that usually when an application was forwarded the company saw proper to accept it and thereafter forward a policy to

him as agent for delivery, and that on receipt of the policy for delivery it was his custom to deliver the same to the owner. Consequently, there was no evidence whatever to show a consummation of the particular contract, either by the issuance and actual delivery of the policy or by its issuance and notice to the defendant of the acceptance of her application, so as to give rise to a cause of action on the premium note. Accordingly, the verdict returned in favor of the defendant was demanded. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 15, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*Lawson E. Thompson,* for plaintiff.
*Earle Norman,* for defendant.

### ON MOTION FOR REHEARING.

JENKINS, P. J. Counsel for plaintiff in error makes an excellent argument in his motion for rehearing. He urges that the court did not deal with his real contention in the original opinion delivered. He insists that the burden was on the defendant to prove that the application was not accepted and the policy was not issued. He contends also that no disposition was made of his three special grounds relating to the rejection of the proffered testimony by the secretary of the local agent of the company to the effect that the agent's records show a number representing this policy, and that, therefore, it must have been issued, and must have been in the agent's hands. As we view the case, this evidence could not affect the conclusion arrived at. The original opinion was based upon the provision of the code already quoted, but which we repeat, as follows: "The contract of fire insurance is one whereby an individual, or company, in consideration of a premium paid, agrees to indemnify the assured against loss by fire to the property described in the policy, according to the terms and stipulations thereof. Such contract, to be binding, must be in writing; but delivery is not necessary if, in other respects, the contract is consummated." Civil Code (1910), § 2470. In our opinion, this section means not only that the policy must be issued, but that in the absence of other proof showing a consummation of the contract by a meeting of the minds of the contracting parties, actual delivery of the policy must be shown. In other words, the company must not only accept the applicant's proposal by issuing the policy, but the applicant must not be left in the dark as to whether he is insured or not. The minds of the parties must meet on the same

thing at the same time. In the instant case the defendant introduced positive testimony to the effect that after forwarding her note and application she not only failed to receive a policy, but failed to receive any sort of notice from any person showing or indicating that her application had been favorably passed upon and a policy issued. This being true, it appears to us to be immaterial whether a policy might in fact have been issued, and might in fact have been seen by the secretary of the local agent, where it does not appear from any source that the policy was ever delivered, or that the defendant was ever notified of its issuance. While there was some testimony from the local agent to the effect that it was customary for him to deliver policies, he did not claim or pretend that the policy in this case had ever been delivered, nor did he or the company pretend that the defendant had ever been otherwise notified of its issuance. Accordingly, the evidence can not be said to demand a finding contrary to the positive testimony of the defendant that she not only did not receive the policy, but that if it was issued she was totally unaware of such fact.

We think this theory on which the case was decided is borne out by the decision in the case of *Harper* v. *Ginners Mutual Ins. Co.,* 6 *Ga. App.* 139 (64 S. E. 567), wherein it was held: "Where an insurance company makes a proposal by letter to renew a policy of insurance, on terms and conditions stated in the letter, and the insured retains the policy, but makes no reply to the letter and does not pay the premium or indicate in any manner an acceptance of the policy until after the happening of a fire several months after the proposed insurance, there is no completed contract of insurance. There must be some act of acceptance, binding on the party accepting as well as on the party proposing, to make a contract." The case just cited appears to be the present case turned around. Even though the rejected testimony might have amounted to circumstantial evidence that a policy was issued, and while there might have been some sort of circumstantial evidence going to indicate that it might have been delivered, it certainly would not seem that such circumstantial evidence would demand a finding against the positive evidence of the defendant. Nor was it error, in the absence of a request, to fail to charge the law relative to circumstantial evidence.

The rule announced in *New York Life Ins. Co.* v. *Babcock,* 104

*Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. R. 134), does not appear to be invoked in this case, but even were the rule there stated insisted upon, it does not seem that it would have application, first, because it does not appear from the evidence, including the excluded evidence,—certainly it does not indisputably appear,—that the policy was ever mailed to or received by the local agent, and if it was in fact mailed to or received by the local agent, there is no evidence whatsoever to indicate that it was forwarded to him by the company for unconditional delivery; second, because even though the principle of the *Babcock* case could be applied to a suit on a premium note like the one here involved, the theory on which the *Babcock* case was decided was that the premium had been paid, the policy issued, and that the policy had also been delivered, the agent to whom it was sent for unconditional delivery being treated as a mere conduit or instrumentality by which the company's written acceptance of the applicant's offer to buy insurance was conveyed to him.                              *Rehearing denied.*