PROTHRO *et al.*, executors, *v.* WALKER *et al.*

JENKINS, Chief Justice. 1. "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." Code, § 20-116.
(a) The question as to whether or not there has been a mutual intention, and in fact a mutual departure from the terms of an original contract, as contemplated by the above Code section, is ordinarily one of fact for determination by the jury. *Southern Feed Stores* v. *Sanders,* 193 *Ga.* 884, 887 (20 S. E. 2d, 413); *Mauldin* v. *Gainey,* 15 *Ga. App.* 353 (5) (83 S. E. 276); *Craig* v. *Craig,* 53 *Ga. App.* 632, 635 (2) (186 S. E. 755).
2. Where it appears that two cancelled checks were admittedly endorsed by the deceased, and admittedly represented payment of, and acceptance by a deceased lessor, of annual rent on the premises in dispute, on dates a few days later than that called for by the terms of the lease contract, it was not error to admit such checks in evidence for the express purpose of showing a course of dealing between the deceased lessor and the defendant lessees, over the objection urged that such evidence constituted testimony arising out of a transaction with a deceased, such as is prohibited by the provisions of the Code, § 38-1603. This is true for the reason that the above-mentioned Code

section deals with the *competency* of a witness to testify against a deceased, and not with the question as to whether or not such evidence was admissible as declarations or entries of a deceased person, as provided for under § 38-309, as follows: "The declarations and entries by a person, since deceased, against his interest, and not made with a view to pending litigation, shall be admissible in evidence in any case." In any event, the admission of the checks into evidence was not harmful to the plaintiff in error, for the reason that such checks could represent nothing more than additional physicial evidence of facts which had already been admitted to be true, and it is conceded by counsel for the plaintiffs in error that the admitted facts with reference to the checks are circumstances tending to show a course of dealing between the deceased and the defendants, which circumstances have a bearing on the ultimate question of mutual departure from the strict terms of the lease contract.

3. "The law does not favor forfeitures, and provisions in contracts as to forfeiture must be strictly construed." *DeLamar* v. *Fidelity Loan & Investment Co.*, 158 *Ga.* 361 (a) (123 S. E. 116); *Hicks* v. *Beacham*, 131 *Ga.* 89 (62 S. E. 45).

4. Applying the foregoing rulings to the facts of the instant case, this court can not say as a matter of law that the lower court was unauthorized to find—after due consideration, not only of the admitted facts tending to show a mutual departure from the original terms of the lease contract, but also all the attendant circumstances such as the duration of the contract, the frequency of the admitted departures, the character of the premises leased, and the nature of the business conducted thereon—that there existed between the lessor and the lessees a mutual intention to waive the stipulation in the lease calling for forfeiture of the lease upon failure of the lessee to pay the annual rent promptly on September 1 of each year.

(a) Accordingly, until reasonable notice had been given by the lessor of his intention to demand thereafter strict compliance with the original terms of the agreement, such mutual departure constituted a quasi new agreement, complete in itself, and identical with the original lease contract, except for the stipulation requiring prompt payment of the annual rent under penalty of a forfeiture of the lease; and, in order for the lessor or his privies to effect a forfeiture of the lease under the terms of the original contract, it must first be shown that the quasi new agreement was made inoperative by reason of such reasonable notice having been given to the lessees.

5. Since the plaintiffs do not make it appear that the reasonable notice, required in order to effect a forfeiture of the lease under the terms of the original contract, was given to the lessees, and since the lease was continued in full force and effect by reason of tendering the annual rent, due on September 1, 1945, on September 5, 1945, which tender was permissible under the quasi new agreement, the executors of the deceased lessor's will could not maintain against the defendant lessees a dispossessory proceeding, which was brought on the theory that the lease contract had been cancelled, and upon the sole ground that the lessees were, therefore, illegally holding over. Accordingly, the lower

court did not err in entering judgment in favor of the defendant lessees, and in decreeing specific performance of the option to purchase in favor of the lessees in their cross-action filed to the dispossessory proceeding.    *Judgment affirmed.*    *All the Justices concur.*

No. 15728.    FEBRUARY 5, 1947.    REHEARING DENIED MARCH 20, 1947.

*Cumming, Cumming & Cumming,* for plaintiffs.
*Christopher & Futral,* for defendants.