## 53625. MAYER v. TURNER et al.

BANKE, Judge.

The appellant sued the appellee as a corporation and as an individual, for damages arising from its alleged breach of contract and grossly negligent actions in regard to the burial of her deceased sister. Summary judgment was granted as to each count of the appellant's complaint, from which order she appeals.

The appellant, through her agent, contracted with the appellee to conduct a memorial service and to bury the deceased in a family plot. A few minutes before the service (after guests had arrived and the organist had begun playing), the appellee told the appellant and her agent that the grave had been dug at the wrong place. The appellee asked if it would be satisfactory to perform the service, bury the deceased in the prepared grave, and on the next day move the deceased to the proper grave. Construing the evidence in the appellant's favor, it appears that the agent, presented with a fait accompli, reluctantly agreed to the appellee's request pending the appellant's approval, and the appellant was in too great a state of shock to respond. The appellee proceeded to act in accordance with the proposal which he had made to the appellant minutes before the service.

The appellant claims that the appellee breached his contract with her, and caused her to suffer severe emotional distress by his grossly negligent handling of the body of her deceased sister. The appellee contends that there was either an accord and satisfaction or a novation of the original contract, and, thus, that no breach occurred. In addition, the appellee claims that he had no legal duty to the appellant which was enforceable in tort and that he did not act negligently. Summary judgment was granted in the appellee's favor.

1. The appellant contends that there exists a genuine issue of material fact as to whether there was mutual intent for an accord and satisfaction or novation.

A novation or accord and satisfaction is in itself a contract and must have all the elements of a de novo contract. *Savannah Bank &c. Co. v. Wolff,* 191 Ga. 111 (4) (11 SE2d 766) (1940); *Pa. Threshermen &c. Cas. Ins. Co. v. Hill,* 113 Ga. App. 283, 293 (148 SE2d 83) (1966). Therefore, there must be a meeting of the minds if the novation or accord and satisfaction is to be valid and binding. Code § 20-108; *Pa. Threshermen &c. Cas. Ins. Co. v. Hill,* supra; *Home Ins. Co. of New York v. Huguley,* 42 Ga. App. 598 (157 SE 391) (1930). The existence vel non of mutual intention is ordinarily a question of fact which is reserved for determination by the jury. *State Mut. Ins. Co. v. Strickland,* 218 Ga. 94 (1) (126 SE2d 683) (1962); *Prothro v. Walker,* 202 Ga. 71 (1 a) (42 SE2d 114) (1947). In the instant case, a genuine issue of material fact as to intent exists, and the breach of contract issue should have been determined by a jury.

2. The appellee claims that no error was committed by the court in granting summary judgment on the issue of negligence because he had no legal duty which was enforceable in a tort action. There is no merit to the appellee's argument. In a very scholarly opinion authored by Justice Lumpkin, the Supreme Court held that there exists a legal duty, enforceable by the next of kin, which requires that a party contractually obligated to handle a corpse, do so nonnegligently and with utmost dignity. *Louisville &N. R. Co. v. Wilson,* 123 Ga. 62 (51 SE 24, 3 AC 128) (1905).

3. It is noted that the court in *Wilson,* supra, held that damages to the next of kin would be restricted in accordance with *Chapman v. Western Union Tel. Co.,* 88 Ga. 763 (15 SE 901, 17 LRA 430, 30 ASR 183) (1892), which is generally cited for the proposition that one cannot recover damages in negligence for mental pain and suffering, without more. However, *Chapman* has been distinguished and limited through the years so as to apply only to mere negligent actions by a defendant from which the plaintiff suffers neither monetary loss nor actual physical injury. *Montega Corp. v. Hazelrigs,* 229 Ga. 126 (189 SE2d 421) (1972); *Kuhr Bros. v. Spahos,* 89 Ga. App. 885, 890 (81 SE2d 491) (1954); *Southern R. Co. v. Daughdrill,* 11 Ga. App. 603 (2) (75 SE 925) (1912). In the

instant case, there is evidence that the appellee committed grossly negligent acts which caused the appellant to suffer an inability to eat and sleep, resulting in nervousness and loss of weight. Therefore, the appellant presented sufficient evidence to avoid a bar to recovery under *Chapman,* supra, on a motion for summary judgment.

4. Nor is the appellee entitled to a summary judgment on the ground that he was nonnegligent as a matter of law. "Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of summary adjudication whether for or against the plaintiff or the defendant, but must be resolved by a trial in the ordinary manner." *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178) (1970); see *Ellington v. Tolar Const. Co.,* 237 Ga. 235 (227 SE2d 336) (1976). In the case at bar, there exists a genuine issue of material fact as to the appellee's negligence. CPA § 56 (c) (Code Ann. § 81A-156 (c); Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238).

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED MARCH 8, 1977 — DECIDED APRIL 20, 1977.

*Thompson, Stovall, Stokes & Thompson, James E. Stokes, Jr.,* for appellant.

*Spearman & Thrasher, Richard B. Eason, William Louis Spearman,* for appellees.