### 55701. WARD v. VENTURE INDUSTRIES, INC.

McMURRAY, Judge.

Plaintiff brought this action for breach of employment, negligence, fraud and deceit against defendant corporation and against one Doyle, the president and majority stockholder of the corporate defendant. Doyle's motion to dismiss was granted and he is no longer a party to this action. After considerable discovery defendant made its motion to dismiss and alternatively a motion for summary judgment. The trial court granted summary judgment in favor of the defendant corporation against plaintiff. Plaintiff appeals. *Held:*

Plaintiff's evidence is that in April of 1973 he entered into a five-year contract with the defendant corporation and served as defendant's director of manufacturing. Doyle subsequently acquired control of the corporation and fired plaintiff, thereby giving rise to plaintiff's cause of action.

Defendant contends that at the time of plaintiff's termination, checks, representing one month's severance pay, were cashed by plaintiff, resulting in an accord and satisfaction. Plaintiff denied there was any accord and satisfaction and in his affidavit in opposition to summary judgment stated that he had never been offered nor paid

any funds by defendant in satisfaction of his claims under the terms of his contract of employment with the corporation, nor had he received any funds from the defendant tendered by the defendant or accepted by him as an accord and satisfaction of claims existing under his contract of employment with the corporation.

"A novation or accord and satisfaction is in itself a contract and must have all the elements of a de novo contract. . .Therefore, there must be a meeting of the minds if the novation or accord and satisfaction is to be valid and binding. . .The existence vel non of mutual intention is ordinarily a question of fact which is reserved for determination by the jury." *Mayer v. Turner,* 142 Ga. App. 63, 64 (1) (234 SE2d 853). Compare *Smith v. Hornbuckle,* 140 Ga. App. 871, 874 (1) (232 SE2d 149). On summary judgment the evidence must be construed against the movant. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408); *Armstrong v. Lawyers Title Ins. Corp.,* 138 Ga. App. 727, 728 (3) (227 SE2d 409). Although there was evidence which conflicted with plaintiff's affidavit, including plaintiff's testimony on deposition, the result occasioned by the conflicting testimony is not altered. See *Mathis v. R. H. Smallings & Sons, Inc.,* 125 Ga. App. 810 (189 SE2d 122). Issues of material fact remain. Therefore, the trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED APRIL 6, 1978 — DECIDED JULY 13, 1978 — REHEARING DENIED JULY 31, 1978.

*Jones & Robbins, James A. Robbins, Jr., William W. Byington, Jr.,* for appellant.

*Sutherland, Asbill & Brennan, Alfred A. Lindseth, Thomas A. Cox,* for appellee.