## 59365. HARRISON v. AMERICAN LIBERTY INSURANCE COMPANY.

SMITH, Judge.

Appellant appeals the trial court's grant of summary judgment to American Liberty Insurance Company (American). We affirm.

On May 24, 1976 appellant sought to purchase automobile comprehensive and collision insurance from one Wendall Cofer, an insurance agent in Lincolnton, Georgia. At Cofer's request, appellant completed an application for insurance under the Georgia Automobile Insurance Plan (Plan) in which she applied only for comprehensive and collision coverage. As a part of the transaction, appellant gave Cofer a check in partial payment of the premium. Cofer subsequently sent appellant's application and a check for the full amount of the premium to the Plan.

On May 28, 1976 the Plan approved the application and assigned American as appellant's insurer. The application and check, together with the notice of assignment, were then sent to American with the notation that appellant's coverage under the new policy was to become effective on May 29, 1976.

Appellant's automobile was damaged during the latter part of July, 1976. At that time she filed a claim with American under her "policy" for the cost of repairs. On August 4, 1976 American rejected appellant's application and returned her uncashed check to the Plan, contending that the application did not meet with the requirements of the Plan. Appellant asserts that summary judgment for American was improperly granted because a jury question remained as to the existence of a valid and enforceable insurance contract between the parties. We cannot agree.

1. American asserts that Appellant is not eligible for coverage under the Plan since she did not apply for liability insurance but only for comprehensive and collision coverage. The Plan does not contemplate comprehensive and collision coverage absent concurrent liability coverage. "The plan . . . caters only to those who are not able for various reasons to obtain *automobile liability insurance* in the open market. Such people are usually classified as 'high risks.' The plan . . . receives and equitably apportions applications for automobile liability insurance among all such insurers doing business in the State." (Emphasis supplied.) *Employers Commercial Union Cos. v. Waldrop,* 124 Ga. App. 746, 747 (186 SE2d 134) (1971). Moreover, Section 10(D) of the Plan (2 Rules and Regulations of the State of Georgia § 120-2-14-.10(4)) requires that comprehensive and collision insurance be offered as additional optional coverages "[o]n policies or binders providing liability

coverages." Since appellant's application seeks only comprehensive and collision coverage, American is not required under the Plan to accept it.

2. Appellant contends that a contract of insurance was effectuated by the conduct and actions of the parties hereto. In support of this contention appellant cites (1) her payment of the requisite premium, (2) Cofer's statement to her that her vehicle was covered, (3) the Plan's acceptance of her application and its assignment to American, and (4) American's retention of the premium and application until after appellant's claim was filed. Notwithstanding American's unfortunate delay in rejecting her application, appellant's contention is without merit.

Since American was not required to accept appellant's application, it became a mere offer or proposal that could be accepted or rejected. *Boswell v. Gulf Life Ins. Co.,* 197 Ga. 269 (29 SE2d 71) (1944). ". . . [A] written application for . . . insurance delivered by the owner of property to an agent of an insurance company, who is without authority to enter into a contract of insurance on behalf of the company, even though accompanied by . . . the premium, amounts to nothing more than an offer to insure, and, until the minds of the parties have met by an acceptance on the part of the company of the offer to insure, and its actual issuance of a policy in writing, does not result in a binding contract." *Home Ins. Co. of N. Y. v. Huguley,* 42 Ga. App. 598 (157 SE 391) (1930); *Maddox v. Life & Cas. Ins. Co.,* 79 Ga. App. 164 (53 SE2d 235) (1949); *Sasser v. Coastal States Life Ins. Co.,* 113 Ga. App. 17 (147 SE2d 5) (1966); Security Ins. Co. of New Haven v. White, 236 F2d 215 (1) (1956). In an affidavit in support of its motion for summary judgment, American denied any agency relationship existed between Cofer and itself. As this denial is unrebutted, it may be treated as fact. *Oglesby v. Farmers Mutual Exchange,* 128 Ga. App. 387 (5) (196 SE2d 674) (1973). Therefore, none of the statements made by Cofer to appellant regarding her insurance coverage are imputable to American.

*Judgment affirmed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

ARGUED FEBRUARY 4, 1980 — DECIDED JULY 10, 1980.

*Carl C. Brown, Jr.,* for appellant.
*Ronald C. Griffeth,* for appellee.