## 36155. CODNER v. SIEGEL et al.

BOWLES, Justice.

This court granted certiorari to consider Division 2 of the Court of Appeals' opinion in *Siegel v. Codner,* 153 Ga. App. 438 (265 SE2d 287) (1980) which suggests that partial performance is sufficient consideration for an accord and satisfaction where a lesser amount than owed is offered to satisfy a liquidated debt.

The facts are set forth in that opinion.

The issue before the court is whether partial performance serves as consideration for an agreement to take a lesser sum than the amount owed on a liquidated debt. Siegel contends that on June 8, Codner orally agreed to accept $18,000 as full payment of a debt of more than $31,000 provided payment was made within 60 days. He contends that on June 12, Codner made the same agreement in writing only he added the requirement that Siegel either obtain Codner's release from a first mortgage or agree to indemnify him on the mortgage. Siegel contends that he partially performed the agreement of June 12th by arranging, before Codner withdrew his

offer, for Codner to be released from the first mortgage. The Court of Appeals held that this disputed issue of fact remains for proper determination by the jury. However, Georgia law is clear that an executory agreement to accept payment of less than the total amount of a liquidated debt is not obligatory without new consideration or complete performance of the agreement, and partial performance will not serve as consideration. *Blalock v. Jackson,* 94 Ga. 469 (20 SE 346) (1894); *Taylor v. Central of Ga. R. Co.,* 99 Ga. App. 224 (108 SE2d 103) (1959); *Walbridge v. Jacobs' Pharmacy Co.,* 60 Ga. App. 404 (3 SE2d 876) (1939). The language of the Court of Appeals' opinion may be inconsistent with these decisions and therefore is disapproved. Even if an agreement to take a lesser sum is found in this case, it would not be binding until fully executed unless the agreement is supported by a new consideration.

The execution of a new agreement may itself amount to a satisfaction if the new promise is founded on a new consideration. A new consideration, although slight, will be sufficient to support the new agreement. *Taylor v. Central of Ga. R. Co.,* supra. A promise to pay a debt before it is due in a smaller sum than owed can be the necessary additional consideration. *Burgamy v. Holton,* 165 Ga. 384 (141 SE 42) (1927). In both disputed agreements the promise to pay and to accept[1] early payment is the alleged consideration. The second agreement includes the promise to relieve Codner from liability under the first mortgage. This would be adequate new consideration. Whether or not this portion of the agreement was performed is doubtful.[2] However, partial performance, absent other consideration, is not sufficient to support an accord and satisfaction by payment of a lesser sum than the amount owed on a liquidated debt.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 13, 1980 — DECIDED SEPTEMBER 8, 1980 —
REHEARING DENIED SEPTEMBER 23, 1980.

[1]An agreement to accept an early payment without a corresponding promise to pay would merely be a unilateral agreement, and without more, lacking in consideration.

[2]Siegel relies on a letter from Colonial Life dated July 5, 1978 in which Colonial Life agrees to the assumption of the mortgage on the property by Turner Communications. Nowhere in such document does the holder of the prior note and security deed release Mr. Codner from liability. An assent by a mortgagee of assumption of the debt by a purchaser does not automatically release the original debtor from liability for such debt. *Zellner v. Hall,* 210 Ga. 504 (80 SE2d 787) (1954).

*Max Olim,* for appellant.
*Alvin N. Siegel,* for appellees.