## 60370. DIXIE GROCERIES, INC. v. ALBANY BUSINESS MACHINES, INC.

QUILLIAN, Presiding Judge.

The plaintiff's action sought to recover payments due under the terms of an equipment lease for cash registers. The defendant appeals from the grant of plaintiff's motion for summary judgment. *Held:*

1. The written order of the trial judge adequately disposes of defendant's first two arguments regarding 1) failure of consideration and 2) modification of the agreement.

We quote that portion of his order dealing with those issues: "(1) The Court has exhaustively examined the contract for the lease of the cash registers from plaintiff to defendant and finds and concludes as follows:

"(a) That the contract is complete, and is clearly intended to be the entire agreement between the parties, as witness the final sentence of said contract, to-wit: 'The foregoing lease agreement correctly sets forth the entire agreement between Lessor and Lessee.'

"(b) That the contract is a lease contract, and the transaction it represents is not analogous to a sale, and it, therefore, is not subject to or controlled by the provisions of the Uniform Commercial Code as to any sort of warranty of the lease equipment. *Mays v. Citizens & Southern National Bank,* 132 Ga. App. 602; *Redfearn Meats, Inc. v. Hertz Corporation,* et al., 134 Ga. App. 381. The contract contains no express warranties as to merchantability or fitness of purpose, and, in fact, it clearly expresses Lessor's disclaimers that: 'No representations regarding the equipment herein leased has been made by Lessor. . . and it is ordered by Lessor for Lessee and at Lessee's entire risk. . . Lessor will not be responsible for any repairs, worn out and/or replacement parts, or defects in the equipment.'

"(c) The lease agreement would be subject to Georgia Code Annotated § 20-504 and § 12-204, except that the contract contains the disclaimers, cited in subparagraph (b) above, relieving the plaintiff-lessor of liability for 'defects in the equipment' and specifically disclaiming any 'representation regarding the herein leased equipment.' *Southern Protective Products Co. v. Leasing International, Inc.,* 134 Ga. App. 945.

"(d) Lessee agreed 'at its own cost and expense' to 'keep the equipment in good repair, condition and working order' and to

'furnish any and all parts, mechanisms and devices required to keep the equipment in good mechanical and working order.'

"(e) The equipment subject to the contract is precisely described and is the only property that the disclaimers could conceivably apply to, and 'Lessee selected the property to be herein leased.'

"(f) The Lessee-defendant waived 'all existing and future claims and set-offs', and agreed to pay the rent specified 'regardless of any such claim, offset or claim which may be asserted by Lessee.'

"(g) Lessee agreed to 'remain liable for the full performance of all its obligations' notwithstanding any action Lessor might take to enforce its rights.

"(h) All that was done by the plaintiff to service or repair the equipment delivered to defendant was done voluntarily and without any requirement under the subject contract.

"(i) The only substantial obligation of the plaintiff under the contract was to order and deliver the equipment specified, and even this is not spelled out, but can only be determined by necessary implication.

"(2) Defendant in its answer alleges a new contract between the parties or a modification of the existing contract, and claims that plaintiff promised to pick up and sell the leased equipment, and that the consideration for this promise was payment of disputed rentals under the original contract.

"The Court cannot agree that such rentals were legitimately disputed. It is the opinion of the Court, that the terms of the contract left no room for rentals to be disputed, especially upon any ground involving defects in the leased machines, or the failure of plaintiff to repair or maintain. Plaintiff has no such obligations to repair or maintain, and no liability for any defects under the lease contract. The terms of the contract appear to the Court to unconditionally require defendants to pay specified rentals.

"Therefore, the payment, or promise to pay, rentals in the amount of $1,460.24 was not a new consideration for the new promise of the plaintiff to pick up and sell the machines, but was merely a performance, or promise to perform, an obligation already existing under the contract. There is no evidence of a sufficient consideration to support a promise to pick up and sell the machines as alleged by defendant." See *United States Leasing Corp. v. Jones Pharmacy,* 144 Ga. App. 26 (240 SE2d 300); *Codner v. Siegel,* 246 Ga. 368 (271 SE2d 465).

2. The defendant's last argument is that the affidavit filed by the plaintiff failed to establish the amount owed in that it amounted to "ultimate facts and conclusions of law." The affiant swore, based

upon his personal knowledge, "that Dixie Groceries, Inc. has failed to make payments to Albany Business Machines, Inc. as agreed upon in the lease agreement between the parties and is currently indebted to Albany Business Machines, Inc. in the amount of Two Thousand One Hundred Seventy-One and 16/100 Dollars ($2,171.16)."

On the question of payment the act itself is the essential fact to be shown. *Armour Fertilizer Works v. Dwight,* 22 Ga. App. 144 (1) (95 SE 746); *Peterson v. Lott,* 200 Ga. 390, 393 (37 SE2d 358). Thus, oral testimony regarding such fact is primary evidence. *Klem v. Southeast Ceramics, Inc.,* 142 Ga. App. 610, 611 (236 SE2d 694); *Hale v. Hale,* 199 Ga. 150, 153 (33 SE2d 441). The testimony, based on personal knowledge, as to the amount of indebtedness was addressed to a fact and was not a conclusion of law.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED OCTOBER 8, 1980.

*Danny S. Shepard,* for appellant.
*Jimmy W. Watson,* for appellee.