65832. WADE'S MARINE COMPANY, INC. et al. v. MONARK BOAT COMPANY.

McMURRAY, Presiding Judge.

This case involves a suit on open account and on a guaranty brought against the defendant corporation and its principal stockholder who executed a guaranty agreement to pay promptly when due all sums becoming due and owing from the account debtor, the defendant corporation.

Summary judgment was granted in favor of the plaintiff based upon the affidavit of the plaintiff's treasurer/credit manager that the defendants owed the plaintiffs $9,265.90 as reflected in the open account and that to his own personal knowledge he never informed the defendants that the plaintiff was going to cancel the debt and

take same as a needed tax write-off, but that at all times he expected defendants to pay this account in full.

In response to the motion for summary judgment the defendant guarantor by affidavit deposed that the plaintiff's credit manager had informed the defendants that since the debt was a small outstanding balance considering the normal size of their outstanding balances and since the defendants had sold a large amount of plaintiff's merchandise "plaintiff was hoping to do business with the defendants in the future." Affiant further deposed that plaintiff's credit manager informed defendants that since plaintiff "needed a tax write-off," plaintiff was going to "cancel the debt owed them" and defendants were released from paying the debt.

The trial court granted plaintiff's motion for summary judgment and judgment was awarded to plaintiff against the defendants in the sums of $9,265.90 principal, $1,250 interest and $1,051 attorney fees as well as court costs. Defendants appeal. *Held:*

The evidence with reference to the open account has not been denied and has been fully proven by the plaintiff. However, we have for determination here whether there was consideration for an accord and satisfaction and release of the indebtedness. The so-called release here upon which the defendants base their defenses is clearly executory in nature, that is, "hoping to do business with the defendants in the future" and the need for "a tax write-off." The accord must be fully executed. Therefore, the claim here is not extinguished. See *Taylor v. Central of Ga. R. Co.,* 99 Ga. App. 224, 226 (108 SE2d 103), and cases cited therein. A creditor is entitled to the whole of the debt, and his promise to accept a lesser amount does not become binding upon him until the whole of the lesser amount is paid and accepted by him. An unperformed promise (denied by the plaintiff as having ever been made) cannot itself constitute a satisfaction unless such promise amounts to a novation taking the place of the original obligation. See *Codner v. Siegel,* 246 Ga. 368 (271 SE2d 465), disapproving language in *Siegel v. Codner,* 153 Ga. App. 438, 443 (2) (265 SE2d 287). The trial court did not err in granting summary judgment in favor of the plaintiff.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 23, 1983.

*Michael R. Hauptman,* for appellants.
*William J. Layng, Jr.,* for appellee.