## 67386. GROOVER ENGINEERING COMPANY v. CAPITAL ASSOCIATES, INC.

BANKE, Judge.

This is an appeal by the defendant from a summary judgment for the plaintiff in a suit to recover damages and attorney fees allegedly owed pursuant to a lease agreement pertaining to certain office equipment. At issue is whether the defendant's affidavit submitted in opposition to the motion for summary judgment was sufficient to create a material issue of fact as to the validity of the claim. The affidavit contains averments to the effect that the defendant is not indebted to the plaintiff in any amount, that the equipment was not as warranted and was incapable of performing for the purposes intended, and that the plaintiff had failed to comply with a contractual obligation to maintain the equipment. *Held:*

The averment that the defendant is not indebted to the plaintiff is merely a legal conclusion. As for the remaining averments, they are

in direct conflict with the language of the lease, which stipulates that the equipment was selected by the defendant and that no express or implied warranties were made by the plaintiff. The lease further provides that "[l]ease payments will be due despite dissatisfaction with equipment for any reason" and that "[i]f the equipment is not properly installed, does not operate as represented or warranted by the seller or is unsatisfactory for any reason, lessee shall make any claim on account thereof against the seller and shall nevertheless pay lessor all rent payable under this lease." In view of these provisions, the trial court did not err in concluding that the averments contained in the defendant's affidavit were insufficient to preclude the grant of the plaintiff's motion for summary judgment. See generally OCGA § 9-11-56 (Code Ann. § 81A-156).

*Judgment affirmed. Deen, P. J., concurs. Carley, J., concurs specially.*

DECIDED JANUARY 6, 1984.

*Martin L. Fierman,* for appellant.
*C. Frederick MacDowell,* for appellee.

CARLEY, Judge, concurring specially.
I believe that the conclusion of the majority with regard to the enforceability of the provisions of the contract executed by the defendant is supported by decisions of this court in *Dixie Groceries v. Albany Business Machines,* 156 Ga. App. 36 (274 SE2d 81) (1980) and *United States Leasing Corp. v. Jones Pharmacy,* 144 Ga. App. 26 (240 SE2d 300) (1977).
I am authorized to state that Presiding Judge Deen joins in this special concurrence.