45604. COHRAN v. LIBERTY MUTUAL INSURANCE
COMPANY.
(368 SE2d 751)

HUNT, Justice.

In this certified question from the Eleventh Circuit Court of Appeals, we are asked to answer the question: "Whether an insurance company accepts an insured's counter offer through silence and the retention of the insured's premium?"

The facts are set out by the Eleventh Circuit in its certified question.

> Prior to 1980, appellant Cohran carried a homeowner's insurance policy with appellee Liberty Mutual, insuring his home for a base amount of $75,000. Cohran's policy was due to expire on July 23, 1980. In March 1980, Liberty Mutual solicited Cohran to update his policy. Liberty Mutual's solicitation involved sending Cohran a form with the words "effective date 07/23/80" clearly printed at the top. Cohran completed and returned the form, requesting coverage on his home to the extent of $125,000. In response, Liberty Mutual sent Cohran a renewal policy which Cohran received on June 5, 1980. The renewal policy stated that the effective date was July 23, 1980. Cohran sent a check, dated June 10, 1980, in payment of the premium on his new policy. On the face of

the check, Cohran indicated that he desired an effective date of June 10, 1980. On June 15, 1980, fire destroyed Cohran's dwelling.

Cohran reported the loss and on February 14, 1981, a Liberty Mutual adjuster tendered to Cohran two checks totaling $113,150. [This represents the pay-off on the $75,000.00 policy expiring on July 23, 1980, for the building and contents.] Cohran refused the tender. On March 23, 1981, Liberty Mutual filed a complaint seeking a declaratory judgment as to the amount owed.

Liberty Mutual concedes that the original policy, expiring July 23, 1980, was in effect on the date of the loss. Liberty Mutual argues that the second policy was not in effect because the parties failed to agree on the effective date, an essential term to the contract. Liberty Mutual argues that the failure to agree on the effective date of the policy voided the renewal contract. Alternatively, Liberty Mutual contends that if a contract was found, its effective date was July 23, 1980. Cohran, on the other hand, argues that the effective date of the policy should be June 10, 1980. Cohran contends that his notation on the face of the check and the letter noting his desire that the policy be effective June 10, 1980, constituted a counter offer, imposing an effective date of June 10, 1980.

The district court found that Cohran's letter requesting a change in the effective date of the policy was a counter offer. The district court, however, did not find that the mailing of the policy and retention of the premium was an acceptance of Cohran's counter offer. Therefore, the district court concluded that the renewal policy was not in effect at the time of the loss.

1. The issue is whether there was a meeting of the minds between the parties as to the effective date of the renewal contract. Liberty Mutual offered to renew the policy effective July 23, 1980. Cohran's letter and check requesting an effective date of June 10, 1980 amounted to no more than a counter offer that could have been accepted or rejected by Liberty Mutual. The company did neither as of the date of the loss which was June 15, 1980.

Cohran's contention that the company accepted his offer by retaining the check for a few days is meritless. As Judge Homer Eberhardt wrote in *Sasser v. Coastal States Life Ins. Co.*, 113 Ga. App. 17, 19 (147 SE2d 5) (1966):

An application for insurance is a mere offer . . . it has no

binding effect until it is accepted by the company. Mere pre-payment of premiums along with the submission of the application does not bring a contract of insurance into existence or create any liability on the part of the company beyond a return of the premium, until and unless the application is accepted . . . So long as the application is not acted upon by the company, no contract of insurance is consummated.

See also *Harrison v. American Liberty Ins. Co.*, 155 Ga. App. 226, 227 (270 SE2d 389) (1980), a case in which the premium was retained for two months without acceptance by the insurer. Thus, there was no meeting of the minds as to the creation of a new contract, and Liberty Mutual's obligation arose only from the previous contract. Nor was Liberty Mutual estopped to deny the existence of a renewal contract under the facts of this case. The statutes and cases dealing with estoppel, upon which Cohran relies, contemplate or involve conduct by the insurer of another sort.

Under these facts, the answer to the certified question is no.

2. Cohran's motion for sanctions is denied.

*Certified question answered in the negative. All the Justices concur.*

DECIDED JUNE 9, 1988 —
RECONSIDERATION DENIED JUNE 23, 1988.

Larry Cohran, *pro se.*
*Drew, Eckl & Farnham, Clayton H. Farnham,* for appellee.