A90A0272. MORTGAGE SAVINGS COMPANY et al. v. KKFB INVESTMENT COMPANY.
(396 SE2d 16)

BANKE, Presiding Judge.

The appellee sued the appellants to recover damages for their alleged breach of a lease agreement. A jury returned a verdict in the appellee's favor in the amount of $36,000, and this appeal followed.

Appellants JTH, Inc., Harold J. Isaacson, Inc., Melvin Tisher, Inc., and Tammy Investment Associates conducted a mortgage brokerage business under the trade name, Mortgage Savings Company. That company leased certain commercial space from the appellee for a two-year term ending on November 30, 1988, at a rental of $2,300 a month. The rental payments for August and September of 1987 were approximately two weeks late, and no subsequent rental payments were made. In October of 1987, the appellants advised the appellee that they "were undecided about the space"; and on November 1, 1987, the appellee sent a "notice of default and acceleration of rent" to the appellants, demanding the remainder of the installments due under the lease, plus late fees. It filed the present action on January 15, 1988. At that time, approximately 10 months remained on the lease term; however, the term had expired completely by the time the case was tried. *Held*:

1. The appellants contend that they were entitled to a directed verdict with respect to the appellee's claim for the unpaid rental in-

stallments which had not yet become past-due at the time the suit was filed, on the ground that the acceleration clause constituted an unenforceable penalty provision. However, it is apparent both from the pre-trial order and from the colloquy surrounding the motion for directed verdict that one theory upon which the appellee was seeking to recover these installments at trial was that they had, by that time, become past-due. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." OCGA § 9-11-15 (b). " 'Implied consent usually is found where one party raises an issue material to the other party's case, or where evidence is introduced without objection. . . .' " *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 514 (250 SE2d 424) (1978), citing 3 Moore's Fed. Practice § 15.13 [2]. Thus, the appellants' motion for directed verdict was properly denied under the circumstances, regardless of whether the acceleration clause was enforceable. Compare *Nickerson v. Candler Bldg.*, 156 Ga. App. 396 (274 SE2d 582) (5) (1980) (holding that a default judgment for unpaid rent was properly limited to payments which were past-due at time suit was filed).

2. The appellants' remaining enumerations of error are rendered moot by the foregoing.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 25, 1990 —
REHEARING DENIED JULY 11, 1990.

*Craft & Spell, L. Penn Spell, Jr.*, for appellants.

*Berthold & Gordon, Richard A. Gordon, Awtrey & Parker, Dana L. Jackel, Gambrell, Clarke & Russell, Max B. Hardy, Jr.*, for appellee.