## A98A1976. CARTER v. SWIFT.
(513 SE2d 766)

ANDREWS, Judge.

Neil Carter appeals from the judgment, entered after a bench trial, in favor of plaintiff Carl E. Swift on a promissory note.

Viewed with all inferences in favor of the findings of the trial court sitting as fact finder, the evidence was that Carter and Swift, both insurance agents, began discussing Carter's purchase of part of Swift's insurance business in the summer or fall of 1994. The two discussed his purchasing Swift's property and casualty book of business for $30,000. In December 1994, Carter paid Swift $10,000 toward the purchase. The last week of April 1995, Carter gave Swift a check for $3,000 post dated to May 1, 1995.

Swift had his attorney prepare a proposed contract and a note reflecting the balance due of $17,000. Although Carter read the contract, he declined to sign it, claiming he did not understand it.

On May 1, 1995, although no formal agreement had been finalized, Carter wanted to remove Swift's property and casualty files from Swift's office to his own. Because Swift's wife was concerned that nothing had been signed, Swift required Carter to sign Plaintiff's Exhibit 1, a promissory note dated May 1, 1995, for $17,000 to be paid in 18 monthly payments of $900 plus one final payment of $800. Carter's signature was witnessed by Hall, the office secretary. It is this note upon which suit was filed.

Thereafter, Plaintiff's Exhibit 2, a contract dated May 5, 1995, was signed by Swift and Carter, also reflecting the $13,000 already paid and Carter's promise to pay $900 per month for 19 months (a total of $17,100).

Defendant's Exhibit 28 is another contract containing the same basic terms regarding the total amount to be paid, i.e., $13,000 down payment and $900 per month for 19 months. Attached to it is a promissory note, also dated May 1, 1995, reflecting Carter's obligation to pay $17,000 in 18 monthly payments of $900 plus a final payment of $800.[1] This note also bears Carter's signature and the contract is signed by both Carter and Swift.

The only factual disagreement below was the sequence in which these documents were signed, Swift contending that Plaintiff's Exhibit 1 was the first signed and all others were later even though some were dated May 1, and Carter contending that the note was the

---

[1] The language of the two promissory notes is identical except for the addition to the note which is part of Defendant's Exhibit 28 of the following sentence: "A default in payment will be controlled by conditions in attached agreement between Neil Carter and Carl Swift." Condition 9 states that, "In case of default of payment, the balance owed seller will be the value of the book of business at the time of default, less payments made by buyer."

last document signed in the series and that no documents were signed until after he had transferred the files.

The trial court found as fact that Plaintiff's Exhibit 1 was the first signed of the documents; that thereafter, Carter and Swift executed an agreement dated May 5, 1995, representing the same debt as the earlier note; and that, after the May 5 agreement, Carter and Swift executed Defendant's Exhibit 28, also dated May 1, 1995, which included an agreement and a note, which also represented the same indebtedness.

Both Carter and Swift testified that Carter had made payments pursuant to these documents, with a balance due of $9,500.

Carter contends that the trial court erred in concluding that there had been no accord and satisfaction or novation of the first note because he concluded the later documents did not create any ambiguity in Plaintiff's Exhibit 1 and no new consideration supported the later agreement and note.[2]

Findings of fact made by the trial court in a nonjury trial may not be set aside unless they are clearly erroneous and the findings here are not. *Sadler v. First Nat. Bank &c.*, 267 Ga. 122, 123 (2) (475 SE2d 643) (1996).

Carter's acknowledgment that he signed Plaintiff's Exhibit 1 and that the total sum due had not been paid entitled Swift to recover on the note unless Carter could establish his affirmative defense. OCGA § 11-3-307 (2); *Rodgers v. First Union Nat. Bank*, 220 Ga. App. 821 (1) (470 SE2d 246) (1996).

Regarding accord and satisfaction, Carter argues that the signing of Defendant's Exhibit 28 was the "satisfaction" of the earlier note, based on *Codner v. Siegel*, 246 Ga. 368 (271 SE2d 465) (1980) and *North Alabama &c. v. Cap'n Sam's Cruises*, 181 Ga. App. 718 (353 SE2d 578) (1987). In *Codner*, however, there was a new agreement to pay a debt before it was due in a smaller sum than was owed. Here, the only supposed new consideration pointed to by Carter is the inclusion in the contracts of "Conditions." These, however, do not alter the absolute promise to pay the $17,000 as reflected in the original note as well as the subsequent note and agreements. At best, the later contracts amount to a promise to perform an obligation already existing under the note. *Dixie Groceries v. Albany Business Machines*, 156 Ga. App. 36, 37 (1) (274 SE2d 81) (1980).

In *North Alabama*, there was also evidence that the debt repre-

---

[2] Although Swift correctly points out that accord and satisfaction was not pled as an affirmative defense by Carter as required by OCGA § 9-11-8 (c), the issue was tried by the parties and will be treated as if raised by the pleadings. *Wade v. Polytech Indus.*, 202 Ga. App. 18, 21 (2) (413 SE2d 468) (1991); *Mortgage Savings Co. v. KKFB Investment Co.*, 196 Ga. App. 283, 284 (1) (396 SE2d 16) (1990).

sented by three notes was included in the final settlement of the purchase of a vessel and that the final agreement, reached at closing, changed the terms of payment of the amount represented by the notes, requiring money to be paid in a different manner and on shorter terms than the original notes. This was found to be new consideration.

The trial court's finding that there was no such consideration or new agreement here was not clearly erroneous. *Feely v. First Am. Bank*, 206 Ga. App. 53, 56 (2) (a) (424 SE2d 345) (1992); *Brooks v. McCorkle*, 174 Ga. App. 132 (329 SE2d 214) (1985); *Tatum v. Bank of Cumming*, 135 Ga. App. 675 (1) (218 SE2d 677) (1975).

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 8, 1999 — 

*David E. Mullis*, for appellant.
*Bennett Law Firm, Michael S. Bennett, Sr., Michael S. Bennett, Jr.*, for appellee.